IN THE MATTER OF THE ESTATE OF JANE WESTLAKE, Deceased, v. SCOTT COUNTY, Appellant.

**Insanity:** COST OF INQUIRY AND COMMITMENT. Code, section 2297, does not authorize taxing the estate of an insane person·with the costs of a hearing as to sanity, or the cost of commitment.

*Appeal from Scott District Court.*— HON. J. W. BOLLINGER, Judge.

SATURDAY, OCTOBER 22, 1904.

In 1901 Jane Westlake, now deceased, who was a resident of Scott county, was, upon examination by the commissioners of insanity of Scott county, found to be of unsound mind, and committed to the hospital for the insane at Mt. Pleasant, where she was confined until her death. Scott county filed a claim against her estate for $103.91, of which $33.26 was for hospital charges, and $70.65 was for costs of hearing·and costs incidental to such hearing before the commissioners of insanity, and for costs of transportation to the hospital. Payment of the latter sum was refused by the administrator of the estate, and the claim therefor was disallowed by the district court, and from this ruling Scott county appeals, the judge granting a certificate for that purpose.— *Affirmed.*

*Fred W. Neal,* for appellant.

*Wilson & Grilk,* for appellee.

McClain, J.— It is conceded that the estate of a deceased person who has previously been committed to and supported in a hospital for the insane is not liable to the State or county for any expense connected with such commitment and support, save as provided by statute. The provision on the subject now in force, as found in the Code, is as follows:

Sec. 2297. Estates of Patients Liable. The provisions herein made for the support of the insane at public charge shall not be construed to release the estates of such persons nor their relatives from liability for their support; and the auditors of the several counties, subject to the direction of the board of supervisors, are authorized and empowered to collect from the property of such patients, or from any person legally bound for their support, any sums paid by the county in their behalf, as herein provided; and the certificate from the superintendent, and the notice from the auditor of State, stating the sums charged in such cases, shall be presumptive evidence of the correctness of the sums so stated. If the board of supervisors in the case of any insane patient who has been supported at the expense of the county shall deem it a hardship to compel the relatives of such patient to bear the burden of his support, or charge the estate therewith they may relieve such relatives or estate from any part or all of such burdens as may seem to them reasonable and just. The estates of insane or idiotic persons who may be treated or confined in any county asylum or poorhouse, and the estates of persons legally bound for their support, shall be liable to the county for the reasonable expense, or so much thereof as may be determined by the board of supervisors.

Prior to the enactment of chapter 52, page 56, Acts Twenty-Sixth General Assembly, which is incorporated into this section and constitutes the last sentence thereof, it was held by this court that the right of recovery by the State or county against the estate of an insane person for support, care, and treatment furnished according to law was dependent entirely upon statutory provisions, and that such right did not exist as to the expense of support and care in the

county asylum or poorhouse, although the statute made provision for confinement of such persons in the poorhouse when they were found to be incurable, and therefore not entitled to support and treatment in the State hospitals. *Jones County v. Norton,* 91 Iowa, 680.

The purpose of enacting the statutory provision, which is incorporated as the last sentence of the section as it now stands, evidently was only to render the estates or persons against whom liability for support and care in the State hospitals might have been previously enforced also liable for the expenses of care and support in the poorhouse or county asylum.

There is no indication in the statutory provision already quoted of any intention to render the estate of an insane person, or the persons legally bound for his support, or the estates of such persons, liable for the expenses incident to a legal investigation of the sanity of the person who is adjudged insane, nor for the expenses of committing such person to the State hospital or transporting him thereto in consequence of such commitment. It is to be noticed that such liability as is imposed by the language of the Code is declared equally as against the estate of the patient and the persons liable for his support, and it would certainly be an extraordinary exercise of legislative power to impose on such relatives the expense of investigation, commitment, and transportation. In the absence of any language indicating an intent to impose such liability, we cannot presume that the Legislature entertained any such purpose.

Nothing is decided in the case of *Harrison County v. Dunn,* 84 Iowa, 328, inconsistent with this conclusion. While the claim made in that case by the county against the defendant was for the expenses of the investigation of his insanity and his commitment to the hospital, as well as his care therein, the court simply decided that the entire claim was barred by the statute of limitations.

The ruling of the trial court is *affirmed.*