■ · In the Matter of GEORGE HARCHACK, Respondent, v. HARRY I. BRONSTEIN, as City Personnel Director and as Chairman of the City Civil Service Commission, Appellant.— Judgment, Supreme Court, New York County, entered June 28, 1974, directing the respondent to give a makeup examination to the petitioner, unanimously modified, on the law, to the extent of reversing the judgment in favor of petitioner and directing that respondent interpose an answer and that, thereafter, the proceeding be submitted to Special Term pursuant to CPLR 7804 (subd. [f]), and otherwise affirmed, without costs or disbursements. Petitioner was scheduled to take a civil service examination for promotion to Police Sergeant. On the date of the examination, petitioner did not appear. He sought to be excused and to be allowed to take the examination on a rescheduled date because he had attended the funeral of his mother-in-law on the date the examination was originally scheduled. When he was denied rescheduling, he initiated an article 78 proceeding. Special Term denied respondent's motion to dismiss and granted the relief requested by petitioner, holding that the exclusion of the death of a mother-in-law as an excusable absence was arbitrary and capricious. Each municipal civil service

commission is authorized to adopt suitable rules related, *inter alia,* to competitive examinations (Civil Service Law, § 20, subd. 1). To that end, the New York City Civil Service Commission promulgated rule 4.4.10(d), which provided that an applicant would be given a second test only if absence was due to " death of a spouse, mother or father, or child " of the candidate. While it is true that the class could possibly have been broadened to include other blood relatives, such as brothers or sisters, or other relatives such as mothers-and fathers-in-law, it cannot be stated as a matter of law that the regulation as promulgated was arbitrary and capricious or without rational basis (cf. *Matter of Tombini* v. *Berman,* 31 A D 2d 467, affd. 25 N Y 2d 936; *Matter of Perazzo* v. *Lindsay,* 30 A D 2d 179, affd. 23 N Y 2d 764). In any event, the court after denying the motion to dismiss should have afforded the respondent the opportunity to interpose an answer (CPLR 7804, subd. [f]) and to present facts to establish the reasonableness of the rule in question. Concur — Kupferman, J. P., Lane, Nunez and Lynch, JJ.