OPINION OF THE COURT
Edward J. Greenfield, J.
In this article 78 proceeding, petitioners, all civil service *737 employees, seek a judgment declaring invalid the determination of respondents that petitioners might not take a "makeup” civil service examination. Each of the petitioners alleges that she was disabled on the date of examination desired to be taken, each duly requested permission to take a "make-up” examination, and each request was denied because the alleged disability was, in each instance, not work-related.
At issue is section 4.4.10 of the Rules and Regulations of the Classified Civil Service, which sets forth the policy of the New York City Civil Service Commission in the following language:
"No candidate shall be given a second or special competitive test in connection with any examination held, unless it be shown to the satisfaction of the commission, that his failure to take or complete such test was due to: * * *
"(c) physical disability incurred during the course of and within the scope of the municipal employment of such candidate where such candidate is an officer or employee of the city.”
Petitioners’ challenge rests solely on their contention that it is arbitrary and capricious to allow a candidate to take a "makeup” examination if his inability to take the test originally scheduled was caused by disability arising out of his municipal employment, while denying him this privilege if his disability was not so related to municipal employment.
When a rule or regulation such as the one here involved is challenged, the test is whether the rule or regulation has a rational basis (Meenagh v Dewey, 286 NY 292; see, also, Strauss v University of State of N. Y., 282 App Div 593; Urowsky v Board of Regents, 46 AD2d 974, affd 38 NY2d 364). There is a presumption that rules and regulations promulgated by a public agency are reasonable and just, and the burden of establishing unreasonableness is on the person challenging the rule or regulation (People ex rel. Knoblauch v Warden, 216 NY 154).
It is perfectly reasonable, of course, to provide that a make-up examination will be available to any candidate who has incurred such physical disability as to make it impossible for him or her to take a competitive examination. It is perfectly reasonable to distinguish between the types of disability, as there are some, which while they may impair adequate functioning, do not make it impossible to take a competitive examination. In the particular rule under chai *738 lenge, however, the opportunity for a make-up examination is conferred not upon the logical distinction as to the extent of physical disability demonstrated, but rather upon the time and place of the occurrence of that disability. Thus, a person who broke a leg in the office would be given an opportunity to make up the examination, while a person who broke a leg after hours would not. Again, a person who had a relatively minor disability which was work-connected would be able to take the make-up examination while a coworker with a genuine and totally incapacitating organic condition which necessitated hospitalization at the time of the scheduled examination would be forever barred. The court concludes that the distinctions attempted to be made in the rules of the Department of Personnel are unreasonable and without logical basis.
The respondent talks about a necessity of being assured that the applications for a make-up examination are based upon genuine and verifiable disabilities. The susceptibility of any particular disability to verfication is not dependent on whether it is work-related or non-work-related. A hospitalization is a hospitalization and each can be independently verified whether or not the cause of the hospitalization is trauma on the job or a genetic or organic condition which is not work-related. To predicate criteria for eligibility for a make-up examination on whether or not a disability is work-related, rather than on the extent of seriousness and verifiability of the disability creates a distinction without a difference, and would give rise to exaggeration and litigation in an attempt to find some basis, however tenuous, to connect the disability to the job.
Petitioner Sommerich contends her disability resulted from a severe automobile accident which put her in the hospital on the date of the examination. Petitioner Cook contends that her disability was the result of a hospital operation for the removal of cysts. Petitioner Nicholson claims an angina condition resulting in hospitalization. Petitioner Ratcliffe claims circulatory and kidney conditions resulting in her hospitalization on the date of the examination. Petitioner Williams claims on the date of the examination she was hospitalized for asthma. Whether or not these petitioners actually were disabled at the time of the examination may call for further proof. The inquiry should be into the extent of the disability and not whether or not it was work-related.
The rules of the city’s Personnel Director recognize that a *739 person should not be penalized if unable to attend a regularly scheduled examination for reasons beyond his or her control. Thus, subdivision (a) of section 4.4.10 allows a make-up examination where the Department of Personnel erroneously bars an eligible candidate from taking an examination. Subdivision (b) of section 4.4.10 permits a make-up examination when a candidate has been subpoenaed to attend in court or is serving on jury duty on the date of the scheduled examination. Subdivision (d) of section 4.4.10 recognizes the recent death of a close family member as a basis for excusing attendance at a regularly scheduled examination. The question of where to draw the line in permitting some to have a make-up examination and not others may be a close question in some instances (cf. Matter of Harchack v Bronstein, 47 AD2d 726, revg 78 Misc 2d 240), but in the view of this court, to make it depend upon whether or not the disability is work-related draws the line in an arbitrary and unreasonable fashion. We are not dealing here with eligibility for workers’ compensation or for disability benefits; we are dealing with whether or not a person was unable to take an examination for reasons beyond his control.
Section 4.4.11 permits make-up examinations because of religious conviction. If a person is to be excused because he is an orthodox Sabbath observer (a matter of personal choice and conviction) a fortiori should he not be excused when unable to attend an examination for reasons wholly beyond his control, i.e., automobile accident, burns in a household fire, etc. To penalize a candidate for absence as a result of circumstances beyond his control transcends the bounds of reason.
Accordingly, the rule in question is declared to be arbitrary, unreasonable and invalid, and the matter is remanded for the purpose of determining the extent and genuineness of the disabilities of each of the petitioners.