In the Matter of the DEPARTMENT OF PERSONNEL OF THE CITY OF NEW YORK et al., Appellants, v CITY CIVIL SERVICE COMMISSION et al., Respondents.

First Department, May 31, 1983

APPEARANCES OF COUNSEL

*Fay Leoussis* of counsel (*Carolyn E. Demarest* with her on the brief; *Frederick A.O. Schwarz, Jr., Corporation Counsel,* attorney), for appellants.

*Robert J. Krengel* of counsel (*Morris Weissberg,* attorney), for David Bernstein, respondent.

OPINION OF THE COURT

MILONAS, J.

The facts of this case are not in dispute. Due to a nonjob-related illness, respondent David Bernstein, an employee of the New York City Department of Sanitation, was in the hospital on March 29, 1980 and thus unable to take a scheduled civil service promotional examination. He thereafter asked that petitioner Department of Personnel provide him with the opportunity to attend a make-up examination. However, based upon rule 4.4.5 (c) of the Rules and Regulations of the Personnel Director of the City of New York, petitioner denied Bernstein's request. Bernstein appealed the adverse determination to respondent City Civil Service Commission, which, citing *Matter of Sommerich v New York City Health & Hosps. Corp.* (98 Misc 2d 736) ruled in his favor. Petitioner then commenced the instant CPLR article 78 proceeding seeking to vacate the decision by the Civil Service Commission. Special Term, also relying upon *Sommerich,* denied the petition in an order dated January 7, 1982.

In *Matter of Sommerich v New York City Health & Hosps. Corp. (supra)* the Supreme Court, Special Term (EDWARD J. GREENFIELD, J.) declared arbitrary, unreasonable and invalid section 4.4.10 (c) of the Rules and Regulations of the Classified Civil Service. Pursuant to this provision, no candidate could be accorded a second or special competitive test unless his failure to take or complete such a test was the result of "physical disability incurred during the course of and within the scope of the municipal employment of such candidate where such candidate is an officer or employee of the city." Although a notice of appeal was filed in connection with the *Sommerich* matter, the appeal was never perfected. Rule 4.4.5 (c) of the Rules and Regulations of the Personnel Director of the

City of New York, the successor to rule 4.4.10 (c), is virtually identical. The question then arises as to whether Special Term appropriately concluded that petitioner, which was a party in the *Sommerich* case, is collaterally estopped from relitigating the issue of whether a city agency may properly promulgate a rule permitting only those individuals with a job-related disability to take a make-up examination.

■ In *Matter of McGrath v Gold* (36 NY2d 406, 411) the Court of Appeals stated that: "Collateral estoppel means simply that, when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit * * * collateral estoppel does not apply to an unmixed question of law". Since the matter before us concerns the validity of an administrative regulation, what is involved here is a pure issue of law. As the Court of Appeals has explained, "historically and necessarily collateral estoppel is a flexible doctrine which can never be rigidly or mechanically applied" (*Gilberg v Barbieri,* 53 NY2d 285, at p 292). Accordingly, even if *Sommerich* is considered *stare decisis* in the Supreme Court, the decision in that case is not binding upon this court.

■ Respondent challenges the petitioner's standing to seek court review of an action undertaken by another city agency. In *Matter of Bradford Central School Dist. v Ambach* (56 NY2d 158) the Court of Appeals set forth the three requirements needed to establish standing — the party asserting standing must demonstrate that it comes within the necessary "zone of interest", examination of the relevant statutes and precedents indicates no legislative intention to preclude review, and the disputed administrative determination would have a harmful effect on the petitioner. Applying these criteria, it is evident that petitioner has an interest in upholding the validity of its rules and regulations. Without the limitations contained within rule 4.4.5 (c), the Personnel Director would be compelled to create and administer numerous make-up examinations, which would place an added financial and administrative burden on existing resources. Therefore, the elimination of rule 4.4.5 (c) would certainly have a harmful impact upon

petitioner. As for the relevant statutes, they do not reveal a legislative intent to bar judicial review by the petitioner of rulings made by the Civil Service Commission. (Charter of City of New York, §§ 811, 813.) Nor is there anything in the law which would render Civil Service Commission determinations final and unreviewable. (Charter of City of New York, § 812, subd c.) Moreover, one municipal body here is not the agent of the other. (Cf. *Matter of Beaudoin v Toia,* 45 NY2d 343.) Clearly, it is not unreasonable that one city agency have the right to challenge the decisions of another city agency which, if allowed to remain in force, would not only have a negative effect on its operations, but would result in the making of significant policy determinations by one agency which are within the authority of the other. (See *Matter of New York City Housing Auth. v New York City Civ. Serv. Comm.,* 94 Misc 2d 183, affd 72 AD2d 973.)

■ Having concluded that this court is not bound by *Matter of Sommerich v New York City Health & Hosps. Corp.* (*supra*) and that the petitioner has the standing to maintain the instant proceeding, we also find that rule 4.4.5 (c) has a rational basis and is a reasonable exercise of the Department of Personnel's rule-making power. (See *Matter of Meenagh v Dewey,* 286 NY 292.) In *Matter of Harchack v Bronstein* (47 AD2d 726) a case involving another subdivision of the same regulation, the petitioner asked to be excused from a civil service examination, requesting permission to take the test on a rescheduled date because of the funeral of his mother-in-law. This court (pp 726-727) reversed the judgment of Special Term directing that respondent provide petitioner with the opportunity to take a make-up examination on the ground that: "Each municipal civil service commission is authorized to adopt suitable rules related, *inter alia,* to competitive examinations (Civil Service Law, § 20, subd. 1). To that end, the New York City Civil Service Commission promulgated rule 4.4.10 (d), which provided that an applicant would be given a second test only if absence was due to 'death of a spouse, mother or father, or child' of the candidate. While it is true that the class could possibly have been broadened to include other blood relatives, such as brothers or sisters, or

other relatives such as mothers- and fathers-in-law, it cannot be stated as a matter of law that the regulation as promulgated was arbitrary and capricious or without rational basis".

The reasoning of the court in *Matter of Harchack* (*supra*) is no less applicable to the present situation. The Department of Personnel necessarily must place some limitation on the number of candidates who are entitled to take make-up examinations. Regardless of where the line is drawn, some persons would inevitably be excluded from the right to a make-up test. Since rule 4.4.5 (c) does not constitute an unreasonable exercise of petitioner's authority, nor is it arbitrary and capricious, the petition should be granted.

Accordingly, the judgment, Supreme Court, New York County (ANDREW TYLER, J.), entered on March 2, 1982, which denied petitioner's application pursuant to CPLR article 78 and dismissed the petition should be reversed, on the law, without costs or disbursements and the petition granted.

MURPHY, P. J., SANDLER, BLOOM and ALEXANDER, JJ., concur.

Judgment, Supreme Court, New York County, entered on March 2, 1982, unanimously reversed, on the law, and the judgment vacated, without costs and without disbursements.