■ In the Matter of DARROW HOLMES, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, Respondent.—Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

In June 1988, two misbehavior reports were filed against petitioner, an inmate at Coxsackie Correctional Facility in Greene County. The first, arising out of an incident with Correction Officer R. Early, charged violations of institutional rules 100.10 (assault), 106.10 (refusing to obey a direct order), 107.11 (verbal harassment of an employee) and 118.22 (unhygienic act). The second, filed by Correction Officer K. Baldwin, charged violations of institutional rules 100.20 (engaging in conduct disruptive to the order of the facility), 104.10 (rioting), 107.10 (verbal harassment of an employee) and 118.22 (unhygienic act). After a hearing, petitioner was found guilty of all charges alleged in Early's report and all charges alleged in Baldwin's report except rioting, and punishment was assessed. Following administrative review, petitioner commenced this CPLR article 78 proceeding, which was transferred to this court pursuant to CPLR 7804 (g).*

Initially, we note that the primary contention raised on the proceeding, that the act of spitting does not constitute an assault pursuant to rule 100.10 (see, 7 NYCRR 270.1 [b]), is conceded by respondent. Accordingly, that part of the determination which adjudged petitioner guilty of violating rule 100.10 shall be annulled. Contrary to respondent's assertion, the matter must be remitted for reconsideration of a proper penalty (see, Rob Tess Rest. Corp. v New York State Liq. Auth., 49 NY2d 874, 875-876; Matter of Cunningham v LeFevre, 130 AD2d 809).

Briefly addressing the remaining contentions, we find no error in the Hearing Officer's refusal to permit petitioner to be present during the testimony of four inmate witnesses. Although the notice provided petitioner was somewhat ambiguous, our review of the record (see, Matter of Cortez v Coughlin, 67 NY2d 907, 909; Matter of Wiederhold v Scully,

---

* Although the petition alleges that the administrative determination is not supported by substantial evidence, that issue has not been pursued in this court. We shall nevertheless determine the proceeding in the interest of judicial economy (see, Matter of Hudson Riv. Fisherman's Assn. v Williams, 139 AD2d 234, 238).

141 AD2d 550) shows the determination to have been based upon a legitimate concern for institutional safety due to petitioner's escalating disciplinary problems, the nature of the charges alleged and the fact that two of the witnesses were themselves confined to keeplock *(see, Matter of Buckhannon v Kelly,* 124 AD2d 984, *lv denied* 69 NY2d 606). Finally, we find no basis for petitioner's claim of bias or prejudice *(see, Matter of Grant v Senkowski,* 146 AD2d 948).

Determination modified, on the law, without costs, by annulling so much thereof as found petitioner guilty of assault; petition granted to that extent and matter remitted to respondent for further proceedings not inconsistent with this court's decision; and, as so modified, confirmed. Mahoney, P. J., Kane, Yesawich, Jr., Levine and Mercure, JJ., concur.