■ In the Matter of JOHN J. HOP WAH, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent.—Levine, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered June 9, 1989 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

The facts in this case are undisputed. On August 29, 1988, petitioner, an inmate at Shawangunk Correctional Facility in Ulster County, was involved in an incident in which he spit in the face of a correction officer. A misbehavior report was prepared by the officer charging petitioner with assault under rule 100.10, which provides that inmates "shall not assault, inflict or attempt to inflict bodily harm upon themselves or to any person" (7 NYCRR 270.1 [b] [1] [i]). At his Superintendent's hearing, petitioner admitted spitting on the correction

officer but pleaded not guilty, arguing that his conduct did not constitute an assault and that he had violated only the prison disciplinary rule which prohibited unhygienic acts. The Hearing Officer found petitioner guilty of assault and, as a penalty, restored a previously suspended 405-day sentence to the solitary housing unit. After the disposition was administratively affirmed, petitioner commenced this CPLR article 78 proceeding challenging the determination. Supreme Court dismissed the petition and this appeal by petitioner ensued.

The central issue on appeal is whether respondent could rationally interpret the rule prohibiting assault to include the act of spitting on a correction officer. However, before we reach the merits of this issue, it is necessary to determine whether prior decisions involving this question are to be given determinative effect under the doctrines of res judicata or stare decisis.

When petitioner commenced this proceeding, annexed to his petition was a decision of Supreme Court, Albany County, which held that the act of spitting on a correction officer did not violate the inmate rule prohibiting assault because such conduct does not inflict or attempt to inflict bodily harm (Matter of Smith v Coughlin, Sup Ct, Albany County, Oct. 17, 1988, Cheeseman, J.). A second decision involving this issue was rendered by this court in a case in which respondent expressly conceded that the act of spitting did not constitute an assault under the prison rules (Matter of Holmes v Coughlin, 152 AD2d 807).

In our view, neither case provides a proper predicate for the application of collateral estoppel to the instant case. One reason for this is that each arose from a separate incident rather than a single common event. In addition, the issue involved, the applicability of the prison disciplinary rule to an undisputed set of facts, is essentially a question of law to which collateral estoppel has been held not to apply (Matter of Department of Personnel v City Civ. Serv. Commn., 94 AD2d 5, 7; see, Matter of McGrath v Gold, 36 NY2d 406, 411; see also, Restatement [Second] of Judgments § 28 [2], comment b).

Although stare decisis might constrain us to reach an outcome consistent with our recent decision in Matter of Holmes v Coughlin (supra), the doctrine is a flexible one and careful consideration should be given to its application in a given case (see, Matter of Higby v Mahoney, 48 NY2d 15, 18). We recognize that the matter at issue in this case bears directly on respondent's ability to punish and deter conduct which is detrimental to the order of the facility and the well-

being of correction officers. Moreover, because of respondent's concession, we were not called upon to consider the merits of the issue in *Holmes* and, in our view, the application of stare decisis to such a case is inadvisable. Thus, we decline to be bound by our decision in *Holmes.*

Turning to the merits, we conclude that respondent could rationally adopt a broad "tort law" interpretation of the word assault in rule 100.10 to include offensive bodily contact which does not result in bodily harm. We have approved of an equally broad interpretation of this rule in *Matter of Ennis v Coughlin* (141 AD2d 933, 934, *lv denied* 73 NY2d 703). In *Ennis,* we upheld a determination that an inmate had committed an assault where the inmate had no physical contact with the correction officer but raised his hands with clenched fists and advanced toward the officer. Respondent is entitled to some deference in interpreting its own regulation and since the construction adopted by respondent is not irrational, it should be sustained *(see, Matter of Blake v Mann,* 145 AD2d 699, 701, *affd* 75 NY2d 742).

We also reject petitioner's contentions that the rule is vague *(see, Matter of Hobson v Coughlin,* 137 AD2d 940) or that it is overbroad in light of the rule governing unhygienic acts. That rule, which prohibits spitting "on the floor or any other areas" (7 NYCRR 270.1 [b] [19] [iv]), does not adequately address the serious and highly offensive conduct at issue here. In any event, "a rule is not overbroad merely because certain conduct is proscribed by two disciplinary rules" *(Matter of Hobson v Coughlin, supra,* at 941).

Judgment affirmed, without costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.