■ In the Matter of ERNESTO ABREU, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents.—Harvey, J. Appeal from a judgment of the Supreme Court (Plumadore, J.), entered January 19, 1989 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

In March 1988, petitioner, an inmate at Clinton Correctional Facility in Clinton County, was served with a misbehavior report which charged him with the violation of institutional rule 113.12 (use of a controlled substance). This charge was based upon the results of an Emit-st urinalysis test which indicated the presence of cannabinoids in urine obtained from petitioner. A tier III Superintendent's hearing followed at which petitioner, through an interpreter, pleaded not guilty to the charge against him and raised the defense that his use of certain nonprescription medication caused the urinalysis test to show a false positive result. Petitioner was ultimately found guilty of the charged violation and punishment was imposed. The determination was affirmed upon administrative review and petitioner commenced this CPLR article 78 proceeding seeking to annul the determination. Supreme Court dismissed the petition and this appeal followed.

The principal contention raised by petitioner on appeal is that the urinalysis procedure form utilized by the facility officials was not in accordance with the form prescribed by 7 NYCRR 1020.4 (g).* In dismissing the petition, Supreme Court concluded that the urinalysis procedure form at issue was not a rule or regulation, as defined by the State Administrative Procedure Act, which was required to be filed with the Secretary of State in order to be effective. Petitioner points out, however, that such a decision is contrary to the conclusions made in an unappealed earlier decision of Supreme Court (see, Matter of Campbell v Coughlin, Sup Ct, St. Lawrence County, Aug. 18, 1988, Duskas, J.), which held that a urinalysis procedure form was invalid unless filed with the Secretary of State. Accordingly, petitioner contends that respondents were collaterally estopped from relitigating the issue of the validity

---

* Respondents do not dispute that the amended urinalysis procedure form used in petitioner's case had not been filed with the Secretary of State. This amended form did not become effective until April 1, 1988, as an emergency measure.

of the urinalysis procedure form used in this case because that issue was resolved against them in *Campbell.*

In our view, Supreme Court correctly determined that the application of collateral estoppel is not appropriate in this case. Clearly the issue here, as in *Matter of Campbell v Coughlin (supra)*, is whether the urinalysis procedure form is a rule or regulation which, in order to be effective, must be filed with the Secretary of State pursuant to State Administrative Procedure Act § 203. Since this question is solely one of unmixed law, as opposed to one involving a factual determination, the doctrine of collateral estoppel does not apply *(see, Matter of McGrath v Gold,* 36 NY2d 406, 411; *Matter of Hop Wah v Coughlin,* 160 AD2d 1054; *Matter of Department of Personnel v City Civ. Serv. Commn.,* 94 AD2d 5, 7).

Turning to the merits, we conclude that Supreme Court properly found that the amended urinalysis procedure form used in petitioner's case was not a "rule" as defined in State Administrative Procedure Act § 102 (2) (a) (i) that is required to be filed before it can become effective. Excluded from the definition of a rule are "forms and instructions, interpretive statements and statements of general policy which in themselves have no legal effect but are merely explanatory" (State Administrative Procedure Act § 102 [2] [b] [iv]). The subject urinalysis procedure form is clearly a "form" which falls within this exception. Therefore, it is immaterial that it was not filed with the Secretary of State until after the conclusion of petitioner's hearing.

Unlike cases where substantive rules governing inmate conduct or regulations regarding disciplinary proceeding procedures have been found to have been required to be filed before they could be deemed effective *(see, e.g., Matter of Davidson v Smith,* 69 NY2d 677, 678; *People ex rel. Roides v Smith,* 67 NY2d 899, 901; *Matter of Jones v Smith,* 64 NY2d 1003, 1006), the urinalysis procedure form at issue was used merely as a means by which information regarding the procedure used in the urinalysis test and the results obtained therefrom are recorded and presented to an inmate in order to provide him with notice *(cf., Matter of Harding v Melton,* 67 AD2d 242, *affd* 49 NY2d 739, *appeal dismissed* 449 US 801). The form does not contain any information or set forth any procedure which is not contained elsewhere in respondents' regulations *(see,* 7 NYCRR 1020.4 [d], [e]). The record establishes that the correction officers who performed petitioner's test followed all proper test procedures. Therefore, there is no

support for an argument that petitioner was denied due process.

Petitioner's remaining arguments have been examined and have been found to be without merit.

Judgment affirmed, without costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.