■ In the Matter of CHRISTOPHER M. POWER, Appellant, v DEPARTMENT OF PERSONNEL OF THE CITY OF NEW YORK et al., Respondents.—Judgment of the Supreme Court, New York County (Diane Lebedeff, J.), entered August 30, 1989, dismissing a petition brought pursuant to CPLR article 78 seeking to annul respondents' determination denying petitioner permission to complete a competitive examination for the position of police lieutenant, unanimously affirmed, without costs.

Petitioner, a New York City police officer since 1981, took the first three parts of a competitive civil service examination for promotion to lieutenant on June 18, 1988. He was ranked

277 out of 2,600 applicants. The fourth part of the examination was administered from December 28th through December 30th, 1988, but petitioner was unable to take it because he was hospitalized due to a non-work-related injury.

The determination of the Department of Personnel denying petitioner permission to take a make-up examination was neither arbitrary nor capricious. Rule 4.4.5 (c) of the Rules and Regulations of the City Personnel Director provides that no candidate shall be given a second chance or special competitive test in connection with a previously held examination unless the failure "to take or complete" such test was due to a job-related illness *(see also,* General Examination Regulations § E.11.4). Contrary to petitioner's argument, the foregoing regulations expressly preclude candidates suffering from non-line-of-duty injuries from seeking permission to make up a missed examination. The determination of the Department of Personnel to deny petitioner permission to complete the test by means of a make-up examination was neither arbitrary nor capricious *(see generally, Matter of Department of Personnel v City Civ. Serv. Commn.,* 94 AD2d 5).

Petitioner's additional argument that the construction placed on rule 4.4.5 (c) by the Department violated the merit and fitness requirement found in article V, § 6 of the NY Constitution is without merit. Article V, § 6 provides that "[a]ppointments and promotions in the civil service of the state * * * shall be made according to merit and fitness to be ascertained, as far as practicable, by examination". By not allowing him to take a make-up examination, petitioner argues, the city might promote someone with a lower score in his stead which, he maintains, would not be consonant with the merit and fitness requirement.

Petitioner's merit and fitness argument is speculative and unpersuasive. There is no certainty that a lesser candidate would be promoted in petitioner's stead since there is no guarantee petitioner would have passed the final test segment to earn a promotion to lieutenant. Thus, the denial of petitioner's request for a make-up examination in no way impedes, hampers or violates the purpose of the constitutional merit and fitness requirement. Concur—Ross, J. P., Carro, Wallach and Rubin, JJ.