OPINION OF THE COURT
Jan H. Plumadore, J.
The Attorney-General’s office represents petitioner, the Director of the Wilton, New York facility in which the proposed conservatee resides. It seeks an award of attorney’s fees pursuant to Mental Hygiene Law § 77.07 (d) and has obtained them in other, default conservatorship proceedings, including one in this court. It has also had fees routinely denied, especially in St. Lawrence County.
*403 Mental Hygiene Legal Services vigorously opposes. The request will be denied.
The New York State Constitution (art XIII, § 7) deals with the compensation of State officers and expressly precludes them from "receiving] to [their] use any fees or perquisites of office or other compensation.” This appears to be so whether or not the officer is required to undertake additional duties (1978 Opns Atty Gen 127; 1979 Opns St Comp No. 79-251; cf., 7 Am Jur 2d, Attorney General, § 4).
It is the court’s opinion that a request for fees does not come within the Attorney-General’s statutory authority to collect costs and funds recovered and account therefor to the Comptroller (55 NY Jur, State of New York, § 37; Executive Law § 63 [6]; § 64). There is authority to that effect in other jurisdictions:
"Where a statute provides that the public corporation counsel shall, at public expense, represent the petitioner in the presentation of a lunacy proceeding unless the petitioner shall be represented by counsel of his own choosing, and the petitioner does select a private counsel who represents him in such proceeding, the petitioner must bear the cost of the counsel voluntarily selected by him, since it would not be fair and equitable, in such case, to charge such expense against the alleged insane person” (41 Am Jur 2d, Incompetent Persons, § 25, at 564 [emphasis supplied]);
"Westlake’s Estate v. Scott County (1904) 125 Iowa 314, 101 NW 88, refusing recovery by a county, from the estate of a deceased incompetent, of the expenses incident to his inquisition and commitment, under a statute making the estate liable for his support, in which it was conceded that the estate was not liable to the county for the expenses except by statute” (Annotation, Sanity Inquisition — Attorneys’ Fees, 22 ALR2d 1438, § 4, at 1442). Indeed, some statutes are expressly so-drafted (e.g., 42 USC § 2000a-3 [b]).
There being no specific authority granting the Attorney-General the right to accept/seek awards of attorneys’ fees, in the face of article XIII, § 7 and the other (foreign) authority cited supra, the court declines to permit an award of attorneys’ fees. One State agency should not be permitted to make up budget shortfalls in this manner at the possible expense of another and the people whose interests it represents and directly affects. If it feels it has other avenues available to recoup some of the State’s expenses, it is of course free to *404 pursue them. The court is not unmindful of the Assistant Attorney-General’s observation that his office initiates and concludes conservatorship proceedings as well as or better and more economically than the private bar to whom State facility patients, their families and the directors may be forced to turn. Conversely, it also has an interest in establishing conservatorships so as to be able to collect moneys due for patient care expenditures.