In the Matter of JAMES AA., Respondent. HOLLIS W. SHAW, as
Director of the Wassaic Developmental Center, Petitioner;
ROBERT ABRAMS, as Attorney-General of the State of New
York, Appellant.

Third Department, March 4, 1993

## APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General,* Albany *(Daniel Smirlock* of counsel), appellant *pro se.*

*David M. Le Vine,* Albany, for respondent.

## OPINION OF THE COURT

LEVINE, J.

In January 1991 petitioner, who was represented by the Attorney-General, commenced a proceeding pursuant to Mental Hygiene Law article 77 for the appointment of a conservator for respondent. Petitioner brought the proceeding as the Director of the State's Wassaic Developmental Center in Dutchess County, of which respondent was a patient or recipient of services. A director of a facility of the State's Office of Mental Health or Office of Mental Retardation and Developmental Disabilities which is treating or providing services for a proposed conservatee is statutorily authorized to initiate a conservatorship proceeding *(see,* Mental Hygiene Law § 77.03 [a] [4]; § 5.01). Mental Health Legal Services (hereinafter MHLS) answered on respondent's behalf. Ultimately a conservator was appointed for respondent with the consent of MHLS. The Attorney-General then applied for an award of counsel fees pursuant to Mental Hygiene Law § 77.07 (d),

which provides that "[w]hen the petition is granted, the court may award reasonable counsel fees to the attorney for the petitioner * * * payable out of the funds of the conservatee". MHLS opposed the application. The court denied the Attorney-General's request under the authority of *Matter of Phyllis M.* (152 Misc 2d 402), where an application for counsel fees by the Attorney-General was denied in the same kind of proceeding. This appeal by the Attorney-General followed.

■ Initially, we reject the contention of MHLS that, under the doctrine of collateral estoppel, the Attorney-General is precluded from relitigating his entitlement to an award of counsel fees as the attorney for the petitioner in a Mental Hygiene Law article 77 proceeding because the identical issue had been resolved against him in *Matter of Phyllis M. (supra)*, from which no appeal was taken. The right of the Attorney-General to receive an award of counsel fees as the attorney for a petitioner under Mental Hygiene Law § 77.07 (d) was resolved in *Matter of Phyllis M.,* and is posed before us here, as purely an issue of law. As such, the doctrine of collateral estoppel does not apply to any prior determination of the issue *(see, Matter of Abreu v Coughlin,* 161 AD2d 844, 845; *Matter of Hop Wah v Coughlin,* 160 AD2d 1054, 1055, *lv denied* 76 NY2d 708).

On the merits, the Attorney-General argues that the legislative history of Mental Hygiene Law § 77.07 (d) (L 1981, ch 69) supports his position, and that there is no constitutional or statutory provision preventing or otherwise militating against awarding counsel fees to his office. The legislative history of Mental Hygiene Law § 77.07 (d) *(see, e.g.,* Mem of Counsel to State Off of Advocate for Disabled, Bill Jacket, L 1981, ch 69; Mem of Executive Director of Law Rev Commn, Bill Jacket, L 1981, ch 69) discloses that the provision was enacted to overrule the decision in *Matter of Green (Potter)* (51 NY2d 627). In *Matter of Green (Potter) (supra),* the Court of Appeals held that, in view of the inclusion of specific statutory authority to award counsel fees to the attorney for the petitioner in a proceeding for appointment of a committee for an incompetent *(see,* Mental Hygiene Law § 78.03 [h] [2]), the omission of a comparable provision in Mental Hygiene Law article 77 must have been intentional; therefore, an allowance for the petitioner's counsel fees in a conservatorship proceeding was not available. The amendment adding subdivision (d) to Mental Hygiene Law § 77.07 was, thus, designed to remove the disincentive to the initiation of conservatorship proceedings

wherein a petitioner could not be reimbursed out of the conservatee's estate for the cost of legal representation in the proceeding.

The Attorney-General argues that the foregoing underlying policy of Mental Hygiene Law § 77.07 (d) applies with equal force to his representation of directors of State psychiatric or developmental centers in conservatorship proceedings. He suggests that representation of the directors of State mental institutions is discretionary on his part under Executive Law § 63 and that, without the incentive of the award of counsel fees, the Attorney-General will be less inclined to provide such representation. The Attorney-General's brief states that this will result in "fewer conservatorship proceedings brought on behalf of State officials, and such proceedings will cost conservatees more".

■ We, however, see significant differences between the role of the Attorney-General in representing the director of a State facility such as petitioner in a conservatorship proceeding and the role of private counsel retained to represent a relative or personal friend of the conservatee or a nongovernmental agency authorized to bring a petition under Mental Hygiene Law § 77.03 (a). The source of the Attorney-General's statutory authority to represent the director of a State facility lies in Executive Law § 63, which provides in pertinent part that "[t]he attorney-general *shall:* 1. *Prosecute* and defend all actions and proceedings *in which the state is interested,* and have charge and control of all the legal business of the departments and bureaus of the state, *or of any office thereof* which requires the services of attorney or counsel, *in order to protect the interest of the state"* (emphasis supplied). Thus, only when the interest of the State is implicated may the Attorney-General properly represent the director of a State facility such as petitioner in a conservatorship proceeding.

It follows from the foregoing that, irrespective of any degree to which the creation of a conservatorship may incidentally inure to the benefit of the conservatee in a case such as that at bar, the primary responsibility of the Attorney-General in the proceeding is to protect and further the interests of the State, a purely governmental function of that office. In the absence of express statutory language or legislative history indicating a contrary legislative intent, the Attorney-General's request for counsel fees out of the conservatee's estate is barred by the general rule, longstanding and still applicable, that public expenditures made in the performance of a govern-

mental function, including compensation of the Attorney-General's assistants who represent the State's interest in special proceedings such as this, are not recoverable *(see, Koch v Consolidated Edison Co.,* 62 NY2d 548, 560-561, *cert denied* 469 US 1210; *Matter of Attorney-General v Continental Life Ins. Co.,* 88 NY 572, 575-576; *Matter of Dow,* 90 Misc 2d 950, 952-953; *cf., Matter of Rothko,* 95 Misc 2d 492). Inasmuch as no legislative purpose to create an exception to the general rule has been shown here, Supreme Court properly denied the Attorney-General's application for counsel fees out of respondent's estate.

WEISS, P. J., MERCURE, MAHONEY and HARVEY, JJ., concur.

Ordered that the order is affirmed, without costs.