Matter of Kelly v County of Dutchess (2019 NY Slip Op 07582)





Matter of Kelly v County of Dutchess


2019 NY Slip Op 07582


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-00717
 (Index No. 3676/15)

[*1]In the Matter of James Kelly, petitioner, 
v
County of Dutchess, et al., respondents.


O'Neil & Burke, LLP, Poughkeepsie, NY (William T. Burke of counsel), for petitioner.
James M. Fedorchak, County Attorney, Poughkeepsie, NY (Caroline E. Blackburn of counsel), for respondents.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the Dutchess County Department of Emergency Response, dated July 15, 2015. The determination adopted the findings of a hearing officer dated July 14, 2015, made after a hearing pursuant to Civil Service Law § 75, that the petitioner was guilty of certain charges of misconduct and/or incompetence, and terminated the petitioner's employment as a public safety dispatcher.
ADJUDGED that the petition is granted, on the law, without costs or disbursements, to the extent that so much of the determination as found the petitioner guilty of specifications 3 and 4 of charge II and specification 6 of supplemental charge VII is annulled, those specifications are dismissed, the penalty imposed is vacated, the determination is otherwise confirmed, and the matter is remitted to the respondents for a new consideration of the appropriate penalty to be imposed in accordance herewith, and the imposition of such a penalty thereafter.
The petitioner was employed by the respondent Dutchess County Department of Emergency Response (hereinafter the Department) as a public safety dispatcher in the 911 dispatch center. The petitioner was initially charged with misconduct and/or incompetence in connection with his handling of two requests for assistance. Charge I, which consisted of six specifications, alleged misconduct and/or incompetence in connection with the petitioner's handling of a request for assistance on July 26, 2014. Charge II, which consisted of five specifications, alleged misconduct and/or incompetence in connection with the petitioner's handling of a request for assistance on August 12, 2014. The charges alleged, among other things, that the petitioner was discourteous to callers, failed to transfer calls to the local police department, and hung up on a caller.
At an administrative hearing held on December 15, 2014, Linda Mihans, the Department's EMS coordinator, who previously had been in charge of the quality improvement program with the dispatch center, testified, and recordings of the two calls for assistance forming the bases of charges I and II were played and admitted into evidence. The petitioner denied the charges against him and testified that, aside from the two calls forming the bases of charges I and II, he had never hung up on callers or yelled at callers.
Thereafter, the Department directed a further investigation into the petitioner's handling of other 911 calls, and it produced seven additional calls where the petitioner's actions allegedly constituted misconduct. By letter dated February 23, 2015, the Department brought seven supplemental charges against the petitioner, each consisting of multiple specifications, arising from the seven additional calls. Additional hearings were held on March 16, 2015, March 24, 2015, and April 7, 2015, during which time Mihans testified again and recordings of the seven phone calls forming the bases of the supplemental charges were admitted into evidence. The hearing officer found the petitioner guilty of specifications 5 and 6, as well as a portion of specification 4, of charge I; specifications 3, 4, and 5 of charge II; specification 4 of supplemental charge II; specification 4 of supplemental charge III; specification 4 of supplemental charge IV; specifications 4 and 5 of supplemental charge V; specification 4 of supplemental charge VI; and specification 4, as well as a portion of specification 6, of supplemental charge VII. The hearing officer recommended termination of the petitioner's employment given "the number and extent of his instances of misconduct and/or incompetence" demonstrating that he is "not a reliable or responsible 9-1-1 dispatcher." The Department adopted the hearing officer's report and recommendation, and terminated the petitioner's employment.
The petitioner thereafter commenced this proceeding pursuant to CPLR article 78 to review the Department's determination, and the Supreme Court transferred the matter to this Court pursuant to CPLR 7804(g).
In a CPLR article 78 proceeding involving employee discipline, judicial review of a determination made after a hearing pursuant to Civil Service Law § 75 is limited to consideration of whether that determination was supported by substantial evidence (see CPLR 7803[4]; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179-180; Matter of Thomas v Town of Southeast, N.Y., 168 AD3d 955, 956-957; Matter of Owens v County of Dutchess, 162 AD3d 1040, 1041; Matter of Harris v City of Poughkeepsie, 162 AD3d 663, 665; Matter of Argenti v Town of Riverhead, 131 AD3d 1053, 1054). "When there is conflicting evidence or different inferences may be drawn, the duty of weighing the evidence and making the choice rests solely upon the [administrative agency]. The courts may not weigh the evidence or reject the choice made by [such agency] where the evidence is conflicting and room for choice exists'" (Matter of Grimaldi v Gough, 114 AD3d 679, 680, quoting Matter of Berenhaus v Ward, 70 NY2d 436, 444).
Here, any credibility issues were resolved by the hearing officer (see Matter of Reed v Raynor, 151 AD3d 730, 730), and substantial evidence in the record supports the determination that the petitioner was guilty of the misconduct alleged in specifications 5 and 6, and the relevant portion of specification 4, of charge I; specification 5 of charge II; specification 4 of supplemental charge II; specification 4 of supplemental charge III; specification 4 of supplemental charge IV; specifications 4 and 5 of supplemental charge V; specification 4 of supplemental charge VI; and specification 4 of supplemental charge VII (see Matter of Thomas v Town of Southeast, N.Y., 168 AD3d at 957; Matter of Buccieri v County of Westchester, 165 AD3d 1254, 1256; Matter of Owens v County of Dutchess, 162 AD3d at 1041). However, specifications 3 and 4 of charge II, which charged the petitioner with failing to obtain the caller's name and telephone number, failing to verify the cross streets of the caller's location, and failing to transfer the call to the Town of Poughkeepsie Police Department in relation to a request for assistance the petitioner received on August 12, 2014, are unsupported by substantial evidence. The record demonstrates that this call was disconnected abruptly by the caller, and, thus, the petitioner had no opportunity to transfer the call to the Town of Poughkeepsie Police Department despite his attempt to do so, or to obtain the caller's name and telephone number and to verify the cross streets of the caller's location. Additionally, the determination finding the petitioner guilty of a portion of specification 6 of supplemental charge VII cannot be sustained, since the charges brought against the petitioner contained no such specification.
Since the respondents imposed a penalty of termination of the petitioner's employment upon all of the specifications for which he was found guilty, and we are dismissing three of those specifications, we vacate the penalty and remit the matter to the respondents to consider the appropriate penalty to be imposed upon the remainder of the charges and specifications for which he was found guilty, and the imposition of that penalty thereafter (see Matter of Aronsky [*2]v Board of Educ., Community School Dist. No. 22 of City of N.Y., 75 NY2d 997, 1001, affd 78 NY2d 1057; Matter of Radigan v O'Connell, 304 NY 396, 399; Matter of Peterson v City of Poughkeepsie, 99 AD3d 714, 717; Matter of Holmes v Coughlin, 152 AD2d 807, 807).
The petitioner's remaining contentions are without merit.
AUSTIN, J.P., MILLER, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court