■ In the Matter of EDUARDO RABI, Appellant, v EUGENE S. LEFEVRE, as Superintendent of Clinton Correctional Facility, et al., Respondents.—Weiss, J. Appeal from a judgment of the Supreme Court at Special Term (Shea, J.), entered May 23, 1985 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional

Services finding petitioner guilty of violating a prison disciplinary rule.

Petitioner, an inmate at Clinton Correctional Facility, was charged with violation of disciplinary rule 108.13 which states, "Inmates shall not be in possession of any article or paraphernalia which by its unusual nature gives reasonable grounds to believe escape is planned." The charge resulted from discovery, during a security frisk, of a straight pin affixed by a rubber band to a wedding ring worn by petitioner as he was to be transported to a hospital outside the facility for medical treatment. Petitioner professed that the purpose was to tighten the ring which had become loose due to weight loss. In the misbehavior report, the correction officer stated that he "believed the pin was to be used as a pick for your handcuffs" and charged "possession of item believed that could be used in an escape". At the Superintendent's hearing, the officer testified that he knew from his job training that mechanical restraints such as handcuffs could be opened with a pin and that petitioner's reluctance to show the pin to him, together with the efforts to conceal it, led him to believe that an attempt to escape was planned. At petitioner's request, another correction officer who was an expert in the operation of mechanical restraints testified that such pins could be used to open mechanical restraints. The officer provided a demonstration in which he used the pin taken from petitioner to open a pair of double locked handcuffs in less than one minute. The determination of the hearing officer finding petitioner guilty as charged was administratively upheld and this proceeding ensued.

Petitioner urges disciplinary rule 108.13 is impermissibly vague in contravention of due process requirements and Correction Law § 138 (3). That statute, in pertinent part, provides that "[f]acility rules shall be specific and precise giving all inmates actual notice of the conduct prohibited". This court has held that although a definition may be inartfully stated, it will not be violative of the requirements of Correction Law § 138 (3) if it gives inmates the requisite notice that acts tending to threaten the security and order of the facility are prohibited *(see, Matter of Witherspoon v LeFevre,* 82 AD2d 959, 960, *lv denied* 54 NY2d 606, *appeal dismissed* 54 NY2d 829; *see also, Matter of Smith v Coughlin,* 111 AD2d 503, 504). Petitioner's reliance upon *People v Berck* (32 NY2d 567, *cert denied* 414 US 1093) is misplaced. We do not disagree with the principle that a penal statute which is not informative on its face and which utterly fails to give adequate notice of the

behavior it forbids is void for vagueness. Here, the prohibition against possession of an item which by its unusual nature causes the officer to believe that an escape is planned cannot be said to be void for vagueness. While, indeed, a pin attached to a wedding band may be innocuous in many circumstances, when possessed by an inmate under restraint and about to be taken outside the institutional security, reasonable grounds exist for the officer to believe that the inmate intends to utilize the item in an attempt to escape. This is all the more true when the inmate is reluctant to disclose its presence in a security search. It cannot be found that petitioner, a person of ordinary intelligence, was not given fair notice by the rule that possession of the pin under such circumstances was forbidden.

We reject petitioner's remaining contention that the hearing officer improperly limited questioning of a witness. The proposed questions were not relevant.

Judgment affirmed, without costs. Main, J. P., Weiss, Mikoll and Yesawich, Jr., JJ., concur.