■ In the Matter of HENRY HOBSON, Appellant, v THOMAS COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, et al., Respondents.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Intemann, Jr., J.), entered February 20, 1987 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

By this CPLR article 78 proceeding, petitioner, who at the time of his charged misbehavior was an inmate at Wallkill Correctional Facility, challenges a Tier III hearing disposition finding that petitioner violated prison disciplinary rule 100.10 (7 NYCRR 270.1 [b] [1] [i]) prohibiting assault. The chief reason for the Superintendent's hearing disposition, upheld by respondent Commissioner of Correctional Services, was an admission by petitioner that, in the course of an argument, he became angry and assaulted another inmate.

Petitioner's contention that the Commissioner perverted the administrative process by purportedly neglecting to issue a decision within 60 days of receipt of petitioner's appeal, as required by 7 NYCRR 254.8, is not borne out by the record; the appeal was received August 21, 1986 and the decision was rendered October 15, 1986.

Nor is there merit to petitioner's claim that disciplinary rule 100.10 is unconstitutionally broad or that he was denied due process. As to the former, we note that the challenge to the rule for vagueness or overbreadth is not preserved for appellate review since it was not raised before Supreme Court (see, 6 NY Jur 2d, Article, 78 and Related Proceedings, § 266, at 172). Even if we were to consider this argument in the interest of justice, it would still be unavailing. A disciplinary rule meets due process and statutory requirements if it gives inmates adequate notice of prohibited conduct tending to threaten the security and order of a correctional facility (Matter of Rabi v LeFevre, 120 AD2d 875, 876-877; see, Correction Law § 138 [3]). Disciplinary rule 100.10, which states that "Inmates shall not assault, inflict or attempt to inflict bodily harm upon themselves or to any person", provides clear notice

of justifiably forbidden conduct and thus is neither vague nor overbroad. And, petitioner's contrary suggestion notwithstanding, a rule is not overbroad merely because certain conduct is proscribed by two disciplinary rules.

The intimation that petitioner was denied due process because the Hearing Officer, in determining the extent of the punishment, did not mention whether consideration was given to self-defense as justification for the assault, is not at all convincing. The Hearing Officer is not required to describe the weight, if any, accorded to mitigating factors (see, 7 NYCRR 254.7 [c]; *Matter of Baker v Wilmot,* 65 AD2d 884, 885, *appeal dismissed* 46 NY2d 939). Moreover, the lenient punishment prescribed, 30 days' confinement to the special housing unit and one month loss of good time and related privileges, for an obviously violent transgression undermines petitioner's allegation.

Finally, with respect to petitioner's assertion that he was treated more harshly than other inmates who have engaged in similar conduct, in that most unarmed assaults and fights are dealt with in a Tier II hearing and result in less severe penalties, as Supreme Court noted, 7 NYCRR 270.1 (b) (1) provides that a charge of assault can be considered at either a Tier II or a Tier III hearing. That the more serious level was chosen in this instance undoubtedly reflects the vicious nature of the attack. A comparative analysis of penalties imposed in like cases, which petitioner would have us undertake, is ill adapted to evaluating the propriety of his punishment for it does not take into account the various aggravating and mitigating factors involved in each particular case. So long as the punishment is not disproportionate to the offense, due process has not been offended (see, *Cooper v Morin,* 49 NY2d 69, 82, *cert denied* 446 US 984).

Judgment affirmed, without costs. Mahoney, P. J., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.