■ In the Matter of MACIO ENNIS, Petitioner, v T. COUGHLIN, as Commissioner of the Department of Correctional Services, et al., Respondents.—Mahoney, P. J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was an inmate at Downstate Correctional Facility in Dutchess County when, on October 2, 1986, he was involved in an altercation with correction officers. As a result, he was administratively charged with assault. After a hearing, he was found guilty and was given a punishment of 20 days in a special housing unit and 60 days' loss of privileges. Petitioner

commenced this CPLR article 78 proceeding challenging the determination, and the proceeding has been transferred to this court for disposition.

Two correction officers testified that, during an argument with one of them, petitioner clenched his fists, raised his hands and advanced toward the officer. This fact was also supported by the testimony of an inmate. Petitioner and two other inmates testified that the correction officer initiated the incident. The rule petitioner was found to have violated states that "[i]nmates shall not assault, inflict or attempt to inflict bodily harm upon themselves or to any person". Matters of credibility are for the trier of fact to resolve (see, Matter of Perez v Wilmot, 67 NY2d 615, 616-617), and the testimony of the correction officers, if believed, supports a finding of guilt. Thus, the determination is supported by substantial evidence.

We also reject petitioner's claim that he was not given adequate notice of the charge against him. The rule, while not a model of clarity, gives sufficient notice of what conduct is prohibited. Further, the misbehavior report sets forth the conduct which was alleged to have violated the rule.

We have reviewed the other contentions raised by petitioner and find them to be without merit.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.