■ In the Matter of ALBERT VICTORY, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of New York State Department of Correctional Services, Respondent.—Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this court

by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Based upon a search of his cell at Clinton Correctional Facility in Clinton County, petitioner was charged with violating six facility rules. Following a hearing and an administrative appeal by petitioner, respondent sustained the charges which were based upon findings that petitioner disobeyed a direct order from facility personnel, that petitioner possessed an item which could be classified as a weapon and that petitioner altered an electrical device. Petitioner contends in this CPLR article 78 proceeding that none of the findings is supported by substantial evidence.

The finding that petitioner disobeyed a direct order arose out of a prior search of petitioner's cell. At the conclusion of that search, petitioner was advised that the property in his cell was "extremely excessive", and the correction officer directed petitioner to "get rid of a lot of this property so that when I come back to check it, I will not be able to consider the amount of property to be excessive". During a search of petitioner's cell one week later, the correction officer found that the amount of petitioner's property was excessive and a fire hazard, and he further concluded that petitioner had "had ample time to discard or get rid of the excessive property". In our view, the finding that petitioner's failure to remove the excessive property from his cell constituted a refusal to obey a direct order lacks a rational basis since the record contains no proof that petitioner had an opportunity to comply with the order.

It is significant that respondent's rule book for Clinton Correctional Facility provided as follows:

"4.28 When it is determined that an inmate possesses excessive personal property in the amount that constitutes a fire hazard or unreasonably clutters his cell, he will be given four choices for disposal of this property:

"A. Shipped to relatives or friends at inmate's expense.

"B. Given by the inmate to a charitable organization.

"C. Properly transferred to another inmate.

"D. Destroyed at the inmate's request."

There is nothing in the record to establish that petitioner was given these choices or that he was otherwise provided with an opportunity to dispose of his property. The fact that the searches were conducted one week apart does not, in and of itself, establish that petitioner had a means of disposing of the

"excessive property". The finding that petitioner disobeyed a direct order should, therefore, be annulled.

The subsequent search of petitioner's cell also revealed the presence of a six-foot-long metal bar in petitioner's locker and a lamp which petitioner had altered by the addition of string and masking tape to hold the lamp shade. The metal bar served as the basis for the finding that petitioner possessed an item which could be "classified as a weapon by description, use or appearance" (7 NYCRR 270.1 [b] [14] [ii]). Petitioner contends that the finding is unsupported by the evidence since the metal bar was actually a broken piece of his locker which he had no intent to use as a weapon. We find no merit in this argument (see, Matter of Cunningham v Coughlin, 97 AD2d 930, 931). We also find no merit in petitioner's claim that his addition of tape and string to the lamp did not constitute the alteration of an electrical device since he made no change in any electrical component of the lamp. The rule prohibiting the alteration of electrical devices (7 NYCRR 270.1 [b] [19] [ix]) is contained in the series of rules pertaining to fire, health and safety hazards, which includes the addition of flammable materials to a lamp socket.

Determination modified, without costs, by annulling so much thereof as found petitioner guilty of refusing to obey a direct order; petition granted to the extent that respondent is directed to expunge from petitioner's records any reference to that charge; and, as so modified, confirmed. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.