■ In the Matter of DAVID GARCIA, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of Correctional Services, et al., Respondents.—Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at Eastern Correctional Facility in Ulster County, was issued five misbehavior reports following a February 29, 1988 incident, the only one presently at issue charging a violation of State-wide rule 108.10, attempting to escape.* Petitioner was found guilty following a hearing and, after administrative review, commenced this CPLR article 78 proceeding to annul the determination of guilt and the penalty imposed. Supreme Court disposed of all disputed issues except petitioner's claims that there was not substantial evidence to support the determination and that the hearing was not completed in a timely fashion *(see,* 7 NYCRR 251-5.1 [b]), and transferred the proceeding to this court pursuant to CPLR 7804 (g). The timeliness issue has not been pursued in this court and is deemed abandoned, leaving only the substantial evidence question for our consideration.

In our view, there was more than adequate evidence to support the determination that petitioner was guilty of attempting to escape. The misbehavior reports which were placed in evidence *(see, People ex rel. Vega v Smith,* 66 NY2d

---

* State-wide rule 108.10 provides: "Inmates shall not escape, attempt to escape, conspire to, or be an accessory to an escape from any correctional facility or correctional custody" (7 NYCRR 270.1 [b] [9] [i]).

130; *Matter of Burgos v Coughlin,* 108 AD2d 194, *lv denied* 66 NY2d 603), the testimony of Correction Officer William Harris and petitioner's own testimony established that petitioner was outside a locked perimeter of the facility, in possession of a map of the northeastern States, several packs of cigarettes and papers with phone numbers and addresses, wearing multiple layers of clothing with civilian clothing beneath his prison "greens" at the time of his apprehension. The evidence further showed that two heavy winter coats were found in the area of petitioner's apprehension and that petitioner had secreted himself in an area at the bottom of a dark stairwell. Petitioner's testimony that he had been inadvertently locked out when assisting in the removal of trash to a nearby loading dock and that he remained on the loading dock in plain view at all times only created credibility issues which have been resolved adversely to petitioner *(see, Matter of Perez v Wilmot,* 67 NY2d 615; *Matter of Ennis v Coughlin,* 141 AD2d 933, *lv denied* 73 NY2d 703).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.