■ In the Matter of JOHN J. HOP WAH, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, Respondent.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered June 6, 1989 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding him guilty of violating certain disciplinary rules.

On November 3, 1988 while petitioner was confined to the special housing unit at the Shawangunk Correctional Facility in Ulster County, he allegedly threw a cup of urine into the face of a correction officer. Following a Tier III Superintendent's hearing, he was found guilty of violating prison disciplinary rules 100.10 prohibiting assault (7 NYCRR 270.1 [B] [1] [i]) and 118.22 prohibiting unhygienic acts (7 NYCRR 270.1 [B] [19] [iv]). In this proceeding, petitioner challenges the classification of his act as an assault, and, further, asserts that he

was denied his right to present witnesses on his behalf. Supreme Court dismissed the petition and this appeal ensued.

The misbehavior report states that, while petitioner was being frisked, he picked up a white cup which contained a yellowish liquid substance which had a strong smell of urine and threw it into the face of Correction Officer B.J. Rivers. The manual entitled "Inmate Rules and Regulations— S.H.U.", a copy of which petitioner received upon admission to the correctional facility, describes the offense of assault as "Any attack on an * * * employee * * *. The attack does not have to result in injury and * * * does not have to involve a weapon * * *. Objects thrown at intended victims will be included as assaults." Clearly, throwing urine in the face of an officer engaged in the performance of his duties constitutes an assault within the meaning and intent of the manual definition of that offense. The test is whether a person of ordinary intelligence was provided fair notice by the rule (see, Matter of Rabi v LeFevre, 120 AD2d 875, 877). Unquestionably, rule 100.10 gave petitioner fair notice that throwing urine was prohibited as an assault. Further, we have held that rule 100.10, "while not a model of clarity, gives sufficient notice of what conduct is prohibited" (Matter of Ennis v Coughlin, 141 AD2d 933, 934, lv denied 73 NY2d 703).

We now turn to petitioner's second contention, i.e., that the hearing violated his constitutional rights in that the Hearing Officer refused to call as petitioner's witness the Deputy Superintendent who had presided over a prior hearing involving the issue of whether spitting on a correction officer constituted an assault under rule 100.10. We find this issue to be irrelevant to the disposition herein. In any event, we recently have resolved this issue contrary to petitioner's position (see, Matter of Hop Wah v Coughlin, 160 AD2d 1054). An inmate whom petitioner had requested be called as a witness to the underlying event essentially refused to testify.

Finally, because of petitioner's obstructive and antagonistic behavior during the hearing, he was properly excluded from the hearing on the ground that such conduct jeopardized institutional safety or correctional goals (see, 7 NYCRR 254.6 [b]).

Judgment affirmed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.