■ In the Matter of BRADSHAW SAMUELS, Appellant, v THOMAS A. COUGHLIN, as Commissioner of the Department of Correctional Services, et al., Respondents. [594 NYS2d 896] —Mercure, J. Appeal from a judgment of the Supreme Court (Keniry, J.), entered July 19, 1990 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

A May 2, 1989 misbehavior report charged petitioner, then an inmate at Great Meadow Correctional Facility in Washington County, with violations of State-wide rules 100.11 (assault on staff), 118.22 (unhygienic act) and 104.10 (rioting) as the result of an incident in which petitioner is alleged to have "throw[n] a liquid substance and foreign objects at officers on the gallery". At the conclusion of a tier III hearing, petitioner was found guilty of violating rules 100.11 and 118.22 and punishment was imposed. Following unsuccessful administrative appeal, petitioner brought this CPLR article 78 proceeding to annul the determination of guilt. Supreme Court dismissed the petition and petitioner appeals.

We affirm. Initially, we reject the contention that petitioner was impermissibly denied his regulatory right to call witnesses on his own behalf. At petitioner's request, inmates Kenneth Bligen and Stephen Dove, petitioner's closest neighbors in F-block at the time of the incident, testified at the hearing. Each witness was asked the four questions requested by petitioner and neither offered any testimony relevant to the events alleged in petitioner's misbehavior report. Petitioner's request for the testimony of an additional eight inmates

who were housed on F-block at the time of the incident was reasonably denied upon the ground that, inasmuch as they were locked in their cells, they could not have observed the incident and, thus, had no relevant testimony *(see,* 7 NYCRR 254.5; *Matter of Brown v Scully,* 169 AD2d 875; *Matter of Bryant v Mann,* 160 AD2d 1086, 1088, *lv denied* 76 NY2d 706; *Matter of Wiederhold v Scully,* 141 AD2d 550).

We also reject the contention that the throwing of an unknown liquid at a correction officer violates neither rule 100.11 nor rule 118.22 as a matter of law. "[T]he abusive throwing of any liquid onto a correction officer constitutes an assault pursuant to rule [100.11]" *(Matter of Hop Wah v Coughlin,* 162 AD2d 887, 888). Further, the testimony of Correction Sergeant C. Landsburg that the liquid being thrown smelled like urine provided an adequate basis for a finding that petitioner threw a cup of urine and thus violated rule 118.22 *(see, Matter of Hop Wah v Coughlin,* 162 AD2d 879, 880). The remaining contentions raised in the petition are either unpreserved for judicial review, have been abandoned or have been considered and found to lack merit.

Weiss, P. J., Levine, Mahoney and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.