■ In the Matter of RONALD DAVIDSON, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, Respondent. [631 NYS2d 949] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: The determination of respondents that petitioner violated various inmate rules by completing magazine subscription order forms in the names of two facility employees, causing them to receive and to be billed for numerous unwanted magazines, is supported by substantial evidence. Both employees testified at the disciplinary hearing and a handwriting expert from the State Police laboratory testified by telephone and submitted a report containing his conclusion that petitioner's handwriting was on the order forms. Petitioner's denial of the charges raised an issue of credibility that the Hearing Officer was entitled to resolve against petitioner *(see, Matter of Foster v Coughlin,* 76 NY2d 964, 966). The Hearing Officer did not abuse his discretion in

denying petitioner's request for a 30-day adjournment to secure the services of a handwriting expert. The hearing took place on several days over an 11-day period, and, during that time period, petitioner was able to offer only his unsubstantiated hope that he could secure the services of an expert. Thus, the Hearing Officer properly concluded that the hearing should not be further delayed.

Petitioner was afforded effective employee assistance. He was provided with a copy of the misbehavior report and all other relevant documents. Petitioner's remaining requests were for documents that did not exist *(see, Matter of Serrano v Coughlin,* 152 AD2d 790, 793) or that were irrelevant to the preparation of a defense to the charges *(see, Matter of Garcia v Coughlin,* 194 AD2d 896, 897). It is apparent from the record that petitioner requested numerous irrelevant or non-existent documents in order to harass prison authorities.

The penalty imposed, two years in the special housing unit and loss of telephone privileges, is not so disproportionate to the offense as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 223). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Denman, P. J., Lawton, Wesley, Doerr and Balio, JJ.