■ In the Matter of RICARDO A. DI ROSE, Petitioner, v NEW YORK STATE DEPARTMENT OF CORRECTION, Respondent. [644 NYS2d 577] —Spain, J.

As the result of a search of petitioner's cell a misbehavior report was filed charging him with violating institutional disciplinary (7 NYCRR 270.2) rule 1.00 (conduct constituting a violation of the Penal Law), rule 108.10 (escape, attempted escape or conspiracy to escape) and rule 180.11 (correspondence regulations); after an initial hearing petitioner was found guilty of the latter two charges. Upon an administrative appeal the initial determination was reversed and a rehearing was ordered. At the conclusion of the rehearing petitioner was found guilty of violating the escape rule (108.10); the penalty imposed was two years in the special housing unit (hereinafter SHU) with corresponding loss of privileges and two years of recommended loss of good time credits.

Initially, we reject petitioner's contention that disciplinary rule 108.10, which states that "[i]nmates shall not escape, attempt to escape, conspire to, or be an accessory to an escape from any correctional facility or correctional custody" (7 NYCRR 270.2 [B] [9] [i]), is impermissibly vague in contravention of due process requirements and Correction Law § 138 (3). In our view, a person of ordinary intelligence (*see, Matter of Hop Wah v Coughlin*, 162 AD2d 879; *Matter of Rabi v LeFevre*, 120 AD2d 875) would have fair notice that a detailed plan, calling for an individual to assist in setting up a fake death bed or funeral visit for the purpose of having petitioner transported outside the prison, in furtherance of an escape, would be a violation of rule 108.10.

We also reject petitioner's contention that the record lacks substantial evidence to support the Hearing Officer's determination. Testimony was elicited at the hearing from petitioner's Correction Counselor and two employees of the Department of Correctional Services, including the author of the misbehavior report. Significantly, petitioner admitted on the record that "there are a great many escape epitaphs throughout the letter" and that the letter was found in an obscure place in his cell. Petitioner's statement coupled with the incriminating testimony from the author of the misbehavior report supplies substantial evidence to support the determination (*see, Matter of Perez v Wilmot*, 67 NY2d 615; *People ex rel. Vega v Smith*,

66 NY2d 130). Moreover, any issues of credibility involving petitioner's claim that the letter was a hoax simply presented a question for the Hearing Officer to resolve (*see, Matter of Cabassa v Kuhlmann*, 173 AD2d 973, 975, *lv denied* 78 NY2d 858; *Matter of De Torres v Coughlin*, 135 AD2d 1068, *lv denied* 72 NY2d 801).

We have reviewed petitioner's many remaining claims and find them unpersuasive and/or unpreserved for appeal. His claim that he was denied his constitutional right to prepare a defense by being denied his right to examine certain witnesses and documents is without merit. The record reveals that the excluded witnesses and documents possessed no probative information; the information petitioner was seeking to introduce into evidence was immaterial and irrelevant (*see, Matter of Davidson v Coughlin*, 219 AD2d 843). Next, he has failed to set forth any evidence of prejudice regarding the timing of the hearing and rehearing (*see, Matter of Lugo v Coughlin*, 182 AD2d 920; *Matter of Rosado v Kuhlmann*, 164 AD2d 199, *lv denied* 77 NY2d 806) or regarding his claim of inadequate assistance (*see, Matter of Johnson v Scully*, 194 AD2d 605; *Matter of Serrano v Coughlin*, 152 AD2d 790). Next, his claim that the misbehavior report is defective due to its author not being present during the search of his cell was not preserved for review; however, in any event, it is unavailing. 7 NYCRR 251-3.1 (b) states, in pertinent part, that a "misbehavior report shall be made by the employee who has observed the incident or who has ascertained the facts of the incident". The author's testimony at the hearing clearly indicates that he was fully familiar with the facts with respect to this matter prior to filing the misbehavior report.

Further, petitioner's claim that he was denied his right to be present during the search of his cell is also unpreserved for review due to petitioner's failure to raise the issue at the original hearing, in his administrative appeal or at the rehearing (*see, Matter of McDowell v Coughlin*, 222 AD2d 915; *Matter of Bates v Coughlin*, 145 AD2d 854, *lv denied* 74 NY2d 602). Petitioner's concession that he received State-wide rule books in 1985 and in 1990 obviated respondent's responsibility to reissue the book to him at a later date (*see*, Correction Law § 138 [2], [5]). Next, the record does not support petitioner's claim that the Hearing Officer exhibited bias (*see, Matter of Dumpson v Mann*, 225 AD2d 809). Finally, in light of the sinister details of petitioner's escape plan, we do not find the penalty imposed excessive or shocking to one's sense of fairness (*see, Matter of Serra v Selsky*, 223 AD2d 845).

Crew III, J. P., White, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.