■ In the Matter of SERGIO TAVAREZ, Petitioner, v GLENN GOORD, as Commissioner of the New York State Department of Correctional Services, Respondent. [655 NYS2d 189] —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

After an escape plot was discovered in the prison facility where petitioner was incarcerated, a search of certain cells, including petitioner's, was authorized. A ball of black hair was discovered in petitioner's cell. He was charged with, and ultimately found guilty of, violating a prison disciplinary rule which prohibits inmates from possessing "any article or paraphernalia which gives reasonable grounds to believe escape is planned" (7 NYCRR 270.2 [B] [9] [iv]).

In seeking to annul the determination of guilt, petitioner initially claims that it is not supported by substantial evidence. We disagree. The misbehavior report, authored by the correction officer who conducted the search and found the item, was sufficiently detailed and specific by itself to support the finding of guilt (see, Matter of Moley v Le Fevre, 141 AD2d 1001). In addition, petitioner admitted possessing the item (see, Matter of Cicciari v Coombe, 227 AD2d 705, lv denied 88 NY2d 810). Petitioner's assertion that the item was not meant for use in escape merely raised a question of credibility for the Hearing Officer to resolve (see, Matter of Redd v Kuhlmann, 177 AD2d 803).

We also reject petitioner's contention that some form of expert testimony was required to demonstrate how the item seized could be utilized during an escape. As respondent notes, self-evident applications include use of the hair as rope or placement on an inmate's bunk to deceive prison officials into believing an inmate is sleeping. It was also not necessary to conclude that petitioner intended to use the item in an escape before he could be found guilty. The regulation does not include the element of intent in its definition (see, e.g., Matter of Victory v Coughlin, 143 AD2d 455).

Petitioner claims that the disciplinary rule did not give him adequate notice that his conduct was prohibited. As petitioner failed to raise this issue at the disciplinary hearing or in his administrative appeal, it has not been preserved for our review (see, Matter of Satchell v Coughlin, 178 AD2d 795). In any event, we find the argument specious. Petitioner contends that there is nothing intrinsic about a ball of hair that would give an inmate notice that its possession was prohibited. However, while such an item may be innocuous in many situations, when possessed by an inmate after an escape plot has been uncovered, "reasonable grounds exist * * * to believe that the inmate intends to utilize the item in an attempt to escape" (Matter of Rabi v Le Fevre, 120 AD2d 875, 877). It cannot be said that, in these circumstances, the rule did not give petitioner, "a person of ordinary intelligence", fair notice that possession of a hair ball was forbidden (id., at 877).

Finally, the penalty imposed, 365 days of confinement in keeplock and the loss of certain privileges, was not excessive given the serious nature of the charge involved (*see, Matter of Hoyer v Coombe*, 224 AD2d 879). Petitioner's remaining arguments have been examined and rejected as lacking in merit.

Mikoll, J. P., White, Yesawich Jr. and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.