In the Matter of JOHN CROSBY, Petitioner, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, Respondent. [701 NYS2d 752] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Following a tier III disciplinary hearing, petitioner, a prison inmate, was found guilty of violating the prison disciplinary rule that prohibits inmates from possessing weapons. According to the misbehavior report, a correction officer observed petitioner holding a weapon. Petitioner was ordered to surrender the weapon and a sharpened metal rod was then confiscated from petitioner's right hand. Petitioner's guilt as to the charge was affirmed upon administrative appeal and he then commenced this CPLR article 78 proceeding to challenge the determination.

Contrary to petitioner's argument, we find that the detailed misbehavior report, which we conclude was sufficient to enable him to make an effective response (*see, Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 123), combined with the testimony of the correction officer who observed petitioner holding a weapon, provide substantial evidence of his guilt (*see, Matter of Farid v Coombe*, 236 AD2d 660). While petitioner claimed that he did not possess a weapon, this merely raised a credibility issue for the Hearing Officer to resolve (*see, Matter of Emmons v Selsky*, 240 AD2d 786). We similarly disagree with petitioner's argument that he was denied the opportunity to call witnesses who could provide relevant and noncumulative testimony (*see, Matter of Harris v Selsky*, 236 AD2d 723). Further, although the correction officer who initially observed petitioner with the weapon did not also endorse the misbehavior report, this technical defect was, at most, harmless error under the circumstances presented herein (*see, Matter of Bolling v Coombe*, 234 AD2d 730, 731).

Petitioner's remaining contentions, including his claims alleging Hearing Officer bias and impropriety, have been examined and found to be similarly unpersuasive.

Cardona, P. J., Mercure, Crew III, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.