■ In the Matter of PRIEST DAVIS, Petitioner, v DONALD SELSKY, as Director of Special Housing Unit, et al., Respondents.

[704 NYS2d 677] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review, *inter alia*, a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner commenced this CPLR article 78 proceeding challenging, *inter alia*, the administrative determination finding him guilty of violating the prison disciplinary rules which prohibit inmates from conspiring to smuggle and conspiring to possess controlled substances.* According to the misbehavior report dated March 1, 1998, a confidential informant identified petitioner as an inmate porter engaged in the smuggling of contraband drugs into the facility. Although petitioner was frisked and found to not be in possession of drugs, the inmate who accompanied him was found to have a bag containing marihuana and cocaine secreted on his person. The other inmate told a correction officer that petitioner gave him the bag to hide. Petitioner's guilt was affirmed upon his administrative appeal, although the penalty was reduced. The matter was subsequently transferred to this Court and we confirm.

In our view, the hearing testimony, the written reports in the record and the reasonable inferences to be drawn therefrom provide substantial evidence of petitioner's guilt (*see, Matter of Lyde v Goord*, 266 AD2d 615, 616). The fact that petitioner denied any wrongdoing merely created a credibility issue which the Hearing Officer was free to resolve against him (*see, Matter of Crosby v Goord*, 268 AD2d 931). In addition, contrary to petitioner's contention, the Hearing Officer was not required to assess the credibility of the confidential information which prompted the frisks since it was not considered in determining petitioner's guilt (*see, Matter of Moolenaar v Goord*, 266 AD2d 625).

---

* In his petition, petitioner also challenged a separate administrative determination based upon a misbehavior report dated March 18, 1998, which found him guilty of using a controlled substance. Nevertheless, since petitioner has failed to include any arguments relating to the second determination in his brief, we deem any issues in this regard to be abandoned (*see, Matter of Garcia v Coughlin*, 153 AD2d 1000).

Petitioner's remaining contentions have been examined and found to be without merit.

Cardona, P. J., Mercure, Crew III, Spain and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

