■ In the Matter of CHRIS HYNES, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [758 NYS2d 552] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison discipli-

nary rule prohibiting the unauthorized possession of a controlled substance after a search of his cell produced a cigarette containing a substance identified by laboratory testing as marihuana. The determination of petitioner's guilt was upheld on administrative appeal and he thereafter commenced this CPLR article 78 proceeding.*

Petitioner raises several procedural issues including the assertion that his rights were violated because the Hearing Officer's copy of the misbehavior report contained a reference to the laboratory test results which his copy lacked. While there appears to have been an inadvertent omission of a sentence from petitioner's copy, he has failed to make the requisite showing that it prejudiced his preparation of a defense (*see Matter of Alamin v New York State Dept. of Correctional Servs.*, 252 AD2d 824, 825 [1998]). It is uncontested that copies of the laboratory testing documentation were attached to petitioner's copy of the misbehavior report, thereby giving him ample notice that the testing had been performed on the cigarette found in his cell and that it had yielded positive results for the presence of marihuana.

Petitioner's contention that he was denied the right to call witnesses is equally without merit. The witnesses denied by the Hearing Officer were correction officers whose testimony would not have been relevant to the issue of petitioner's guilt or innocence (*see Matter of Melendez v Goord*, 288 AD2d 791, 792 [2001]). Similarly unavailing is petitioner's contention that he was improperly denied the right to present in evidence a videotape of the officers searching his cell. The hearing testimony established that the only available videotape did not show the interior of petitioner's cell; hence, it had no probative value on the issue of whether petitioner was properly found guilty of possession of marihuana (*see Matter of Rivera v Selsky*, 263 AD2d 955, 956 [1999]). The remaining issues raised herein have been examined and found to be without merit.

Cardona, P.J., Mercure, Spain, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Because the petition raised only procedural challenges and did not raise an issue regarding the presence of substantial evidence, Supreme Court erred by transferring the proceeding to this Court pursuant to CPLR 7804 (g) (*see Matter of Holloway v Lacy*, 263 AD2d 740, 740 n [1999]). The matter will, however, be retained in the interest of judicial economy.