■ In the Matter of Steven Garrett, Appellant, v Glenn S. Goord, as Commissioner of Correctional Services, et al., Respondents. [788 NYS2d 461]—

Peters, J.P. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered January 28, 2004 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

Petitioner was an inmate at the Gowanda Correctional Facility in Cattaraugus County. On February 11, 2003, he, along with 95 inmates, went to the facility's mosque for a prayer ser-

vice scheduled to begin at 9:00 A.M. Since only 81 of the 96 inmates had prior permission to attend the service, the remaining 15 inmates were gathered in a nearby room outside of the mosque. They were told that, unless immediate permission for their attendance at the service could be obtained, they would have to go back to their housing units at the 9:00 A.M. movement. According to C. Brown, the correction officer assigned to the mosque, when petitioner heard that the 15 inmates may have to return to their housing units, petitioner threatened, while standing inside the mosque door, that "if [they] . . . are not going to be allowed to participate in the services, then we are all going to leave at 9:00 A.M." When permission could not be obtained, all inmates left at the 9:00 A.M. movement; Brown filed a misbehavior report charging petitioner with violating disciplinary rule 104.12 (see 7 NYCRR 270.2 [B] [5] [iii]), which prohibits inmates from leading, organizing, participating in or urging other inmates to participate in a work-stoppage, sit-in, lock-in or other action which may be detrimental to the order of the facility. After a tier III disciplinary hearing held by the facility's Deputy Superintendent of Security, petitioner was found guilty as charged. Upon an unsuccessful administrative appeal and a dismissal of the CPLR article 78 proceeding by Supreme Court, this appeal ensued.

We reject respondents' contention that petitioner failed to preserve his challenge to disciplinary rule 104.12 as being impermissibly vague; he complained, at every stage of this proceeding, that he had no notice that he was engaging in prohibited conduct. Addressing the merits, "[a] disciplinary rule [will be found to] meet[ ] due process . . . requirements if it gives inmates adequate notice of prohibited conduct tending to threaten the security and order of a correctional facility" (*Matter of Hobson v Coughlin*, 137 AD2d 940, 940 [1988]; *see* Correction Law § 138 [3]). We find that the language of disciplinary rule 104.12 meets this test (*see Matter of Brown v Selsky*, 5 AD3d 905, 906 [2004]; *Matter of Hobson v Coughlin, supra* at 940-941). Nor is the rule overbroad as applied to the proscribed activities; there are genuine security issues involved in an unanticipated movement of 81 additional inmates.

As to the sufficiency of the misbehavior report, "it was not necessary that . . . [it] itemize in evidentiary detail all aspects of the case against petitioner" (*Matter of Rodriguez v Coombe*, 234 AD2d 663, 664 [1996]). Since it contains sufficient information to give petitioner notice of the charges against him so that he could prepare an adequate defense (*see Matter of Thomas v Selsky*, 9 AD3d 751, 751 [2004]; *Matter of Blackwell v Goord*, 5

AD3d 883, 885 [2004], *lv denied* 2 NY3d 708 [2004]; *Matter of Quintana v Selsky*, 268 AD2d 624, 625 [2000]), his contentions of error are unavailing.

We further reject any claim that the hearing was not fair and impartial. The facility's Deputy Superintendent of Security is explicitly authorized to act as the hearing officer (*see* 7 NYCRR 254.1) and the transcript reveals substantial evidence supporting the determination rendered; any conflicting testimony merely created a credibility issue for the factfinder to resolve (*see Matter of Williams v New York State Dept. of Corrections*, 8 AD3d 920, 921 [2004]). With no indication that the determination flowed from any alleged bias (*see Matter of Thomas v Selsky, supra* at 751-752; *Matter of Porter v Goord*, 6 AD3d 1013, 1013-1014 [2004], *lv denied* 3 NY3d 602 [2004]; *Matter of Claudio v Selsky*, 4 AD3d 702, 704 [2004]), no error is discerned.

Petitioner's claim of ineffective employee assistance (*see Matter of Blackwell v Goord, supra* at 885; *Matter of Russell v Selsky*, 305 AD2d 844, 844 [2003], *lv denied* 100 NY2d 510 [2003]), as well as his remaining constitutional claims, were not preserved (*see Matter of Khan v New York State Dept. of Health*, 96 NY2d 879, 880 [2001]).

Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.