■ In the Matter of JACK VIGLIOTTI, Appellant, v DAVID A. CARPENTER, as Deputy Superintendent of Programs at Great Meadow Correctional Facility, Respondent. [791 NYS2d 696]—

Appeal from a judgment of the Supreme Court (Berke, J.), entered March 25, 2004 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

At the conclusion of a tier II disciplinary hearing, petitioner was found guilty of violating the prison disciplinary rules that prohibit possessing an authorized item in an unauthorized area and failure to have his hair properly pulled back in a ponytail. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal ensued.

Initially, we reject petitioner's assertion that the disciplinary rules were inadequate to give him actual notice that the charged conduct was prohibited. Correction Law § 138 (3) provides, in pertinent part, that "[f]acility rules shall be specific and precise giving all inmates actual notice of the conduct prohibited." Here, rule 110.33 states, "Inmates wearing their hair below shoulder length are required to have the hair tied back in a ponytail with a barrette, rubber band, or other fastening device approved by the superintendent" (7 NYCRR 270.2 [B] [11] [vii]). Although the rule may be "inartfully stated" (*Matter of Rabi v Le Fevre*, 120 AD2d 875, 876 [1986]), it cannot be said that a person of average intelligence would not have understood that a strict reading of the rule authorizes only one hair tie to be used (*see generally Matter of Tavarez v Goord*, 237 AD2d 837, 838 [1997]; *Matter of Hop Wah v Coughlin*, 162 AD2d 879, 880 [1990]). Similarly, given the inmate orientation handbook that petitioner received which specifically states that "[i]nmates are only allowed to be in possession of Mess Hall equipment in the Mess Hall," we are unpersuaded by petitioner's claim that the rule against possessing authorized items in unauthorized areas is vague and that he was unaware that such rule prohibited possession of personal photographs in the mess hall. Petitioner's remaining contentions, including his claim of hearing officer bias, the challenge to the tier classification of the charges and severity of the penalty imposed, have been reviewed and found to be without merit.

Cardona, P.J., Mercure, Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.