▮ In the Matter of FREDERICK CLARK, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [821 NYS2d 493]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Superintendent of Auburn Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with violating count procedures, refusing a direct order, harassment and lying. The charges arose after petitioner failed to get up from his bed for a count as directed by a correction officer and then gave an insolent response. Following a tier II disciplinary hearing, petitioner was found guilty of all charges except lying. After exhausting his administrative remedies, petitioner commenced this CPLR article 78 proceeding.

We confirm. The misbehavior report, as amplified by the testimony of its authoring correction officer, as well as the testimony of another inmate who heard the incident occur, provide substantial evidence to support the determination of guilt (*see Matter of Price v Goord*, 29 AD3d 1203, 1204 [2006]; *Matter of Deoleo v Selsky*, 29 AD3d 1102, 1103 [2006]). Although petitioner contends that he was denied due process because the count procedures are not specifically set out in the disciplinary rule (*see* 7 NYCRR 270.2 [B] [13] [iii]), the Hearing Officer found that the procedures had been posted in the blocks and printed in a manual that was accessible to inmates, and petitioner's testimony at the hearing indicated that he understood and had fair notice of the rule. Moreover, it cannot be said that the rule, while not necessarily informative on its face, did not give petitioner, as " 'a person of ordinary intelligence,' " fair notice that refusing to cooperate in a count was forbidden (*Matter of Tavarez v Goord*, 237 AD2d 837, 838 [1997], quoting *Matter of Rabi v LeFevre*, 120 AD2d 875, 877 [1986]). Thus, we reject petitioner's contention that the rule is impermissibly vague (*see Matter of Vigliotti v Carpenter*, 16 AD3d 858, 859 [2005], *lv denied* 5 NY3d 705 [2005]).

We have reviewed petitioner's remaining challenges and find them to be without merit.

Crew III, J.P., Carpinello, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.