■ In the Matter of DAVID PARKINSON, Appellant, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [845 NYS2d 864]—

Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered February 1, 2007 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review two determinations of the Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

On February 12, 2006 and February 13, 2006, petitioner was charged in two misbehavior reports with refusing a direct order and failing to comply with facility count procedures. On both dates, correction officers made early morning announcements that they would be conducting a head count and directed inmates to stand or sit in their cells with both feet on the floor. Petitioner remained lying in his bed and refused to cooperate with the instructions. Following two tier III disciplinary hearings, he was found guilty of all charges. After the determina-

tions were upheld on administrative appeal, petitioner commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the proceeding, resulting in this appeal.

Preliminarily, insofar as the petition raises a question of substantial evidence and the proceeding should have been transferred to this Court in the first instance, we decide the issue de novo and render judgment accordingly (*see Matter of Barnwell v Goord*, 268 AD2d 725, 725 [2000], *lv denied* 95 NY2d 751 [2000]). The misbehavior reports, together with the testimony of the correction officers who prepared them, provide substantial evidence supporting the determinations of guilt (*see Matter of Davis v Goord*, 34 AD3d 1027, 1027 [2006]). The Hearing Officer's denial of petitioner's request for certain inmate witnesses at the second hearing was not error insofar as these inmates did not witness petitioner in his cell and, therefore, could not provide testimony that was relevant to the charges (*see Matter of Hynes v Goord*, 305 AD2d 829, 830 [2003], *lv denied* 100 NY2d 510 [2003]). Furthermore, although the rule requiring inmates to comply with facility count procedures does not specifically state that they must stand or sit with their feet on the floor (*see* 7 NYCRR 270.2 [B] [13] [iii]), as petitioner was instructed, the rule is sufficiently specific to inform petitioner of the need to cooperate, particularly since the procedures were articulated by the correction officers at the time the count was called (*see e.g. Matter of Clark v Goord*, 32 AD3d 1142 [2006]). Contrary to petitioner's claim, there is no indication that the Hearing Officer who presided over the second hearing was biased or that the determination resulting from that hearing flowed from any alleged bias (*see Matter of Nelson v Goord*, 33 AD3d 1135, 1136 [2006]).

Crew III, J.P., Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.