■ In the Matter of CLEVELAND LOVETT, Petitioner, v JOSEPH T. SMITH, as Superintendent of Shawangunk Correctional Facility, Respondent. [915 NYS2d 706]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was on the telephone when an announcement was made over the facility loud speaker directing all inmates to lock into their cells for the standing count. By the time petitioner responded to the directive, the gate to his assigned cell had closed. As a result, he was charged in a misbehavior report with refusing a direct order, being out of place, violating lock in procedures and violating count procedures. He was found guilty of the charges following a tier II disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the testimony of the correction officer who authored it, provide substantial evidence supporting the determination of guilt (*see Matter of Pender v Fischer*, 69 AD3d 1099, 1100 [2010], *lv denied* 14 NY3d 708 [2010]; *Matter of McLaughlin v Fischer*, 69 AD3d 1071, 1072 [2010]). Petitioner's contrary testimony, including his claim that the misbehavior report was written in retaliation for his having filed a complaint, presented credibility issues for the Hearing Officer to resolve (*see Matter of Lamage v Bezio*, 74 AD3d 1676, 1676-1677 [2010]; *Matter of Gaines v Fischer*, 67 AD3d 1080, 1081 [2009]). Furthermore, we find no merit to petitioner's claim that he was denied a fair hearing inasmuch as the record demonstrates that the determination flowed from substantial evidence of petitioner's guilt adduced at the hearing (*see Matter of Boyd v Goord*, 18 AD3d 1078, 1079 [2005]). Accordingly, we find no reason to disturb it.

Mercure, J.P., Spain, Lahtinen, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.