■ In the Matter of MARLO BLOCKER, Petitioner, v CAPTAIN H. HETRICK et al., Respondents. [955 NYS2d 247]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review two determinations which found petitioner guilty of violating certain disciplinary rules.

In this CPLR article 78 proceeding, petitioner seeks review of two determinations finding him guilty of violating various prison disciplinary rules. The first arises from his refusal to get out of bed for the morning head count and subsequent threat to throw urine at a correction officer who ordered him to sit up. Following a tier III disciplinary hearing, petitioner was found guilty of failing to comply with count procedures and making threats, and penalized with six months of loss of good time and nine months in the special housing unit, all affirmed on administrative appeal. The detailed misbehavior report and cor-

roborating testimony from the officer who authored it provide substantial evidence supporting the determination of guilt (*see Matter of Lovett v Smith*, 80 AD3d 1039, 1040 [2011]; *Matter of Parkinson v Selsky*, 45 AD3d 1079, 1080 [2007]). Although the version of events presented by petitioner and other inmate witnesses conflicted with the officer's account, such presented credibility questions to be resolved by the Hearing Officer (*see Matter of Lovett v Smith*, 80 AD3d at 1040). Contrary to petitioner's further contentions, there is no indication in the record before us that the Hearing Officer was biased or that he improperly refused to hear relevant testimony or evidence (*see Matter of Parkinson v Selsky*, 45 AD3d at 1080).

The second determination stems from an incident wherein petitioner, despite being warned to be properly dressed, was wearing only boxer shorts and had his penis exposed when a female correction officer walked past his cell. He thereafter declined to put his pants on and, after a tier II disciplinary hearing, was found guilty of refusing a direct order and engaging in lewd conduct and a penalty of three months in the special housing unit was imposed, which was also affirmed on administrative appeal. Petitioner's sole challenge is to his removal from that hearing by the Hearing Officer. Here, the record reflects that he continually interrupted the hearing to argue about a ruling that certain individuals—with no relevant information to offer—would not be permitted to testify. He was repeatedly warned that he would be removed if he could not move on and, given his failure to do so and ongoing disruptive behavior, we cannot say that his removal was an abuse of discretion (*see Matter of Bunting v Fischer*, 85 AD3d 1473, 1474 [2011], *lv denied* 17 NY3d 712 [2011]; *Matter of Canty v Esgrow*, 83 AD3d 1322, 1323 [2011], *lv denied* 17 NY3d 705 [2011], *cert denied* 565 US —, 132 S Ct 1020 [2012]).

Petitioner's remaining claims, to the extent they are properly presented for our review, have been examined and found to be without merit.

Mercure, J.P., Spain, Kavanagh, Stein and Garry, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.