## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  November 10, 2016            522254
_____

In the Matter of THOMAS
    BUTTERFIELD,
                        Petitioner,

        v
                                          MEMORANDUM AND JUDGMENT
ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____


Calendar Date:  September 20, 2016

Before:  Peters, P.J., Garry, Rose, Devine and Aarons, JJ.


_____


        James Bogin, Prisoners' Legal Services of New York, Albany,
for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (Martin A.
Hotvet of counsel), for respondent.


_____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent finding petitioner guilty of
violating certain prison disciplinary rules.

        Petitioner was charged in a misbehavior report with escape
and violating facility correspondence procedure.  The charges
stem from a letter that petitioner mailed from the correctional
facility to his fiancée stating that he was on the call-out sheet
and, if he was called for outside clearance work, he plans to
"bolt into the woods."  Following a tier III disciplinary
hearing, petitioner was found guilty of both charges and the
determination was affirmed upon administrative appeal.  This CPLR
article 78 proceeding ensued.

Contrary to petitioner's contention, the misbehavior report, the letter that petitioner acknowledged he wrote and the testimony at the hearing provide substantial evidence to support the determination of guilt (see Matter of Anderson v Fischer, 63 AD3d 1462, 1462-1463 [2009]; Matter of Fitzpatrick v Goord, 269 AD2d 643, 644 [2000]; Matter of Washington v Coombe, 242 AD2d 795, 796 [1997]; Matter of Di Rose v New York State Dept. of Correction, 228 AD2d 868, 868 [1996]).  Despite the fact that petitioner did not actually escape, the information set forth in the letter regarding petitioner's escape plan was properly considered as an attempt within the prison disciplinary context (see 7 NYCRR 270.3 [B] [1]; Matter of Lott v Goord, 273 AD2d 572, 573 [2000]; Matter of Washington v Coombe, 242 AD2d at 796; Matter of Di Rose v New York State Dept. of Correction, 228 AD2d at 869).  Petitioner's testimony that the escape plan set forth in the letter was a farce presented a credibility issue for the Hearing Officer to resolve (see Matter of Gallagher v New York State Dept. of Correctional Servs., 93 AD3d 1058, 1058 [2012]; Matter of Di Rose v New York State Dept. of Correction, 228 AD2d at 579).  We have reviewed petitioner's remaining contentions and find them to be without merit.

Peters, P.J., Garry, Rose, Devine and Aarons, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court