Matter of Doane v Annucci (2019 NY Slip Op 00507)





Matter of Doane v Annucci


2019 NY Slip Op 00507


Decided on January 24, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 24, 2019

525341

[*1]In the Matter of LEE W. DOANE, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: January 4, 2019

Before: Garry, P.J., Egan Jr., Lynch, Clark and Mulvey, JJ.


Lee W. Doane, Wallkill, petitioner pro se.
Letitia James, Attorney General, Albany (William E. Storrs of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Maney, J.), entered February 9, 2017 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was observed in his prison cell with a crochet needle, and, after he was asked but failed to provide an explanation for how he obtained that needle, a search of his cell ensued and yielded the discovery of another crochet needle, emery boards, paints, several destroyed pillows and pages from a book depicting and discussing Sing Sing Correctional Facility. Petitioner was thereafter charged in a misbehavior report with possessing unauthorized items, possessing a depiction of a correctional facility and destruction of state property. Following a tier III disciplinary hearing, petitioner was found not guilty of destruction of state property and guilty of possessing unauthorized items and possessing a depiction of a correctional facility. That determination was affirmed upon administrative appeal, and this CPLR article 78 proceeding ensued. Supreme Court dismissed the petition, and petitioner appeals.
We affirm. Initially, we reject petitioner's contention that rule 113.28 of the standards of inmate behavior is impermissibly vague as applied to this case in contravention of due process requirements and Correction Law § 138 (3). That rule provides, in relevant part, that an inmate "shall not possess any description or depiction of any correctional facility" (7 NYCRR 270.2 [B] [14] [xviii]). In our view, a person of ordinary intelligence would have fair notice that possession of the description and depiction of Sing Sing Correctional Facility, which included a labeled photographic aerial map of the facility as well as a map showing a route previously used to escape that facility, would be a violation of rule 113.28 (see Matter of Vigliotti v Carpenter, 16 AD3d 858, 859 [2005], lv denied 5 NY3d 705 [2005]; Matter of Garrett v Goord, 14 AD3d 826, 827 [2005]; Matter of Brown v Selsky, 5 AD3d 905, 906 [2004]). Although the confiscated pages came from a publication purportedly provided to petitioner by the Correctional Association of New York, the rule unambiguously prohibits possession of "any description or depiction of [*2]any correctional facility," (7 NYCRR 270.2 [B] [14] [xviii] [emphases added]), regardless of how or where obtained.
We also reject petitioner's contention that he was denied the right to observe the search of his cell. Generally, an inmate must be permitted to observe the search of his or her cell (see Matter of Salinsky v Rodriguez, 155 AD3d 1214, 1215 [2017]; Matter of Alston v Annucci, 153 AD3d 981, 982 [2017]). Here, however, the Hearing Officer credited the testimony of the correction officer and sergeant who conducted the search that petitioner's presence presented a potential threat to the safety and security of the facility given his flustered, argumentative and disruptive demeanor (see Matter of Gomez v Fischer, 101 AD3d 1195, 1196 [2012]; Matter of Cody v Fischer, 84 AD3d 1651, 1651 [2011]; Matter of McKethan v Selsky, 297 AD2d 840, 841 [2002]). Nor was petitioner improperly denied the right to place into evidence photographs of the contraband seized from his cell, as the record established that no such photographs existed (see Matter of Rosales v Annucci, 151 AD3d 1748, 1749 [2017], lv denied 30 NY3d 902 [2017]; Matter of Martin v Fischer, 109 AD3d 1026, 1027 [2013]). Finally, we are not persuaded by petitioner's claims that he was improperly denied the right to submit documentary evidence and to call a witness, as the testimony and evidence that he sought to introduce were not material or relevant to the charges (see Matter of Davis v Annucci, 123 AD3d 1279, 1279 [2014]; Matter of Credell v Fischer, 120 AD3d 857, 857 [2014]; Matter of Medina v Prack, 101 AD3d 1295, 1297 [2012], lv denied 21 NY3d 859 [2013]; see also 7 NYCRR 270.2 [B] [14] [xviii]). To the extent that petitioner's remaining contentions are properly before us, we have considered them and find them to be without merit.
Garry, P.J., Egan Jr., Lynch, Clark and Mulvey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.