Matter of Bekka v Annucci (2019 NY Slip Op 00657)





Matter of Bekka v Annucci


2019 NY Slip Op 00657


Decided on January 31, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 31, 2019

526862

[*1]In the Matter of KHARY BEKKA, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: January 4, 2019

Before: Egan Jr., J.P., Clark, Mulvey, Aarons and Pritzker, JJ.


Khary Bekka, Romulus, petitioner pro se.
Letitia James, Attorney General, Albany (Julie M. Sheridan of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with refusing a direct order, failing to comply with facility count procedures and engaging in a demonstration after he and 10 other inmates failed to stand or sit for the 6:00 a.m. count as directed by a correction officer — even though petitioner had been counseled the previous day regarding acceptable count procedures. Following a tier III disciplinary hearing, petitioner was found guilty of all charges and a penalty was imposed. Upon administrative appeal, the penalty was modified, but the determination otherwise was affirmed. Petitioner thereafter commenced this CPLR article 78 proceeding to challenge respondent's determination.
We confirm. The misbehavior report and the testimony of its author provide substantial evidence to support the finding of guilt (see Matter of Blocker v Hetrick, 100 AD3d 1302, 1302-1303 [2012]; Matter of Parkinson v Selsky, 45 AD3d 1079, 1080 [2007]). "[A]lthough the rule requiring inmates to comply with facility count procedures does not specifically state that they must stand or sit with their feet on the floor (see 7 NYCRR 270.2 [B] [13] [iii]), as petitioner was instructed, the rule is sufficiently specific to inform petitioner of the need to cooperate, particularly [given that] the procedures were articulated by the correction officer[] at the time the count was called" (Matter of Parkinson v Selsky, 45 AD3d at 1080; see Matter of Clark v Goord, 32 AD3d 1142, 1143 [2006]). In any event, petitioner was not free to disobey the correction officer's direct order — even if petitioner believed the order to be unauthorized (see generally Matter of Watson v Gardner, 156 AD3d 1050, 1051 [2017]) — and he acknowledged at the hearing that "[a]n inmate must follow all direct orders that supersede the inmate orientation manual guidelines." Although petitioner asserts that a demonstration did not in fact occur, "such could be inferred from the inmates having acted in concert" (Matter of Rosado v Venettozzi, 160 [*2]AD3d 1330, 1331 [2018]). Finally, any alleged inconsistencies between the misbehavior report and the hearing testimony presented a credibility issue for the Hearing Officer to resolve (see Matter of Dawes v Annucci, 122 AD3d 1059, 1061 [2014]; Matter of McLeod v Fischer, 122 AD3d 1037, 1038 [2014]; see also Matter of Headley v Annucci, 150 AD3d 1513, 1514 [2017]).
Petitioner's procedural claims are equally unpersuasive. The misbehavior report, which set forth the date, time and location of the incident, together with a description of petitioner's misconduct and the rule violations at issue, "was sufficiently specific to both provide petitioner with notice of the charges against him and enable him to discern his role in the incident, thereby affording him an opportunity to prepare a meaningful defense" (Matter of Robinson v Lee, 155 AD3d 1169, 1170 [2017]; see 7 NYCRR 251-3.1 [c]; Matter of Bachiller v Annucci, 166 AD3d 1186, 1187 [2018]). To the extent that petitioner's belated objection to the author of the misbehavior report testifying via speakerphone has been preserved for our review, this procedure did not violate petitioner's due process rights, "as a witness's physical presence at a disciplinary hearing is not required" (Matter of Possert v Fischer, 106 AD3d 1350, 1350 [2013]; see Matter of Davis v Prack, 58 AD3d 977, 977 [2009]; Matter of Davis v Goord, 21 AD3d 606, 608 [2005]). Although petitioner now faults the Hearing Officer for failing to obtain the testimony of each of the 10 other inmates allegedly involved in the demonstration, petitioner only requested that one such inmate testify, and "the Hearing Officer was under no obligation to present petitioner's case for him" (Matter of Dixon v Brown, 62 AD3d 1223, 1224 [2009] [internal quotation marks and citation omitted], lv denied 13 NY3d 704 [2009]). Finally, upon reviewing the record, we do not find that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Brown v Venettozzi, 164 AD3d 1583, 1584 [2018]; Matter of Horton v Annucci, 163 AD3d 1385, 1386 [2018]). Petitioner's remaining arguments have been considered and found to be lacking in merit.
Egan Jr., J.P., Clark, Mulvey, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.